JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Samuel Brewer appeals from his conviction for gross sexual imposition, raising nine[1]
assignments of error for our review. He contends that the court improperly allowed the state to introduce hearsay testimony and to bolster the credibility of the child-victim; the evidence was insufficient; his conviction contravened the manifest weight of the evidence; the statutory definition of "sexual contact" is unconstitutionally vague; the court erred by failing to sever counts relating to two different alleged victims; prosecutorial misconduct deprived him of a fair trial; and the residency restrictions on sexually oriented offenders violate due process. We find appellant was prejudiced by the admission of hearsay evidence. Accordingly, we reverse and remand for a new trial.
 Procedural History and Evidence {¶ 2} Appellant was charged in an eight count indictment filed May 13, 2005. In counts one through six, he was charged with three counts of rape and three counts of kidnapping with a sexual motivation, all relating to a single alleged child victim; counts seven and eight charged him with kidnapping with a sexual motivation and gross sexual imposition involving another child victim. Among other things, appellant moved the court to sever counts seven and eight from counts one through six for trial purposes. The court orally denied this motion immediately before trial.
 {¶ 3} Appellant's jury trial began on October 31, 2005. At trial, the state presented the testimony of the alleged rape victim, D.B. and her mother, T.B.; the GSI victim, L.B., her mother, B.G., and father Lam.B.; Dr. Saadiya Jackson, who examined D.B.; Detective Sherilyn Howard; and social worker Lisa Zanella. The defense presented the testimony of pastor Shirley Miller. At the conclusion of all of the evidence, the court granted the appellant's motion for a judgment of acquittal with respect to one of the rape counts and one of the kidnapping counts relating to D.B. The jury returned verdicts finding appellant guilty of gross sexual imposition, but not guilty of any of the other charges. The court subsequently sentenced appellant to two years' imprisonment and found him to be a sexually oriented offender.
 {¶ 4} We limit our review of the evidence to that relating to the one charge of which appellant was found guilty. T.B. testified that appellant lived with her and her family when they moved to Warner Road in Cleveland, Ohio, in February 2005. L.B. is her niece and visited at her house and played with her children. L.B.'s mother, B.G. (who was also T.B.'s sister), called T.B. and told her that L.B. "was hurting and she was concerned about that. She said someone in [T.B.'s] house had hurt [L.B.]."
 {¶ 5} L.B.'s mother, B.G., testified that she received a telephone call from L.B.'s father, Lam.B. on April 30, 2005. He told her that L.B. had done something to "Ro," and said something to Ro. B.G. testified that she then went to L.B., age five, and asked her if she had anything she wanted to tell B.G. about "Sam," i.e., appellant. B.G. testified that L.B. "really just shut me out," put her head down, and said very little. This was unusual behavior for L.B.L.B. told B.G. that appellant had touched her "private area." B.G. then called T.B. and told her that L.B.'s father said that appellant touched L.B.T.B. said she "couldn't believe it." B.G. did not seek a medical examination of L.B. Through conversations with Roshawn Sample (Lam.B.'s girlfriend) and others, B.G. learned that appellant had touched her daughter's vagina and chest, and kissed her.
 {¶ 6} L.B. testified that appellant kissed her, but she denied that he used his tongue when he did so, and denied that he touched her. She specifically denied that appellant touched her "privacy," but did say that he touched her somewhere not apparent from the record. Appellant also told L.B. not to tell anyone.
 {¶ 7} L.B.'s father, Lam.B., testified that his girlfriend, Roshawn, told him that when L.B. kissed Roshawn, L.B. "tried to stick her tongue in her mouth." Roshawn told Lam.B. that she asked L.B. where she had learned that, and L.B. told her that appellant kissed her like that. Lam.B. then called B.G. and told her "that someone named Sam had kissed [L.B.]."
 {¶ 8} Detective Howard testified that she interviewed the appellant, who denied any sexual contact with the victims. There was no evidence of any physical trauma. Social worker Lisa Zanella testified, over objection, that she interviewed L.B., and L.B. told Zanella that "Sam had touched her with his balls in her private area" and "put his balls in her mouth" once.
 Law and Analysis {¶ 9} Appellant first complains that the court allowed the state to introduce hearsay testimony against him. We review trial court decisions concerning the admission or exclusion of evidence for abuse of discretion. Peters v. Ohio State Lottery Commn.
(1992), 63 Ohio St.3d 296, 299. We consider only alleged hearsay testimony to which appellant objected at trial.[2]
 {¶ 10} The state concedes that Zanella's testimony about her interview with L.B. was improperly admitted, but argues that this testimony did not unduly prejudice appellant. We disagree.
 {¶ 11} "In deciding whether admission of these hearsay statements was unduly prejudicial to [the defendant], `[o]ur judgment must be based on our own reading of the record and on what seems to us to have been the probable impact of the * * * [statements] on the minds of an average jury.' Harrington v.California (1969), 395 U.S. 250, 254. In the final analysis, the evidence in favor of conviction, absent the hearsay, must be so overwhelming that the admission of those statements was harmless beyond a reasonable doubt. Id.; United States v.Hasting (1983), 461 U.S. 499; State v. Williams (1983),6 Ohio St. 3d 281, 290, 6 OBR 345, 353, 452 N.E. 2d 1323, 1333." Statev. Kidder (1987), 32 Ohio St.3d 279, 284.
 {¶ 12} Appellant was convicted of gross sexual imposition in violation of R.C. 2907.05(A)(4), which is defined as "sexual contact with another, not the spouse of the offender," when "[t]he other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person." Sexual contact is statutorily defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." Based on the erroneously admitted testimony of Ms. Zanella alone, the jury could have found that appellant had sexual contact with L.B., a five-year old child. Zanella's testimony was the only evidence in the record that appellant touched L.B.'s genitals with his genitals and that he placed his genitals in L.B.'s mouth. This testimony is not cumulative of L.B.'s testimony or any other testimony in the record.
 {¶ 13} While there was other evidence of sexual contact, that evidence was not so overwhelming that the admission of Zanella's testimony can be considered harmless. The child herself, L.B., testified only that appellant kissed her. She denied that he used his tongue, and denied that he touched her "privacy." The only other evidence of sexual contact was the hearsay testimony of L.B.'s mother, B.G., and father, Lam.B. B.G. testified, over objection, that L.B. told her appellant touched L.B.'s "private area." L.B.'s father testified, again over objection, that his girlfriend reported to him that L.B. had said "Sam" used his tongue to kiss L.B. These hearsay accounts of different statements the child made to different persons at different times are not overwhelming evidence that appellant touched an erogenous zone or acted with a purpose of sexual arousal or gratification. Therefore, we are compelled to reverse appellant's conviction and remand for a new trial. This conclusion renders moot appellant's remaining assignments of error.
Reversed and remanded.
It is ordered that appellant recover from appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Celebrezze, Jr., J., Concur.
[1] Although his brief lists eleven assignments of error, appellant has withdrawn the two assignments concerning his sentencing.
[2] Some of the alleged hearsay testimony about which appellant complains was elicited on cross-examination; appellant did not object to some of the alleged hearsay testimony.