THE STATE OF OHIO, APPELLEE, *v.* BREWER, APPELLANT.

[Cite as *State v. Brewer,* 121 Ohio St.3d 202, 2009-Ohio-593.]

(No. 2007–1755—Submitted September 17, 2008—Decided February 18, 2009.)

O'DONNELL, J.

{¶ 1} Samuel Brewer appeals from a decision of the Cuyahoga County Court of Appeals that not only reversed his conviction for gross sexual imposition based upon the improper admission of hearsay testimony, but also determined that the Double Jeopardy Clause did not bar retrial if a trial court erred by admitting evidence tending to support a conviction. We confront the questions of whether an appellate court should consider all the evidence presented by the state in its case in chief or only properly admitted evidence to determine whether the state has presented sufficient evidence to support a conviction, and the corollary of whether the Ohio Double Jeopardy Clause bars retrial upon reversal of a conviction based upon testimony determined by the appellate court to have been inadmissible.

### Facts and Procedural History

{¶ 2} The Cuyahoga County Grand Jury returned an eight-count indictment against Samuel Brewer, charging him with three counts of rape and three counts

of kidnapping with a sexual motivation specification involving D.B., a seven-year-old girl, and one count of kidnapping with a sexual motivation specification and one count of gross sexual imposition involving L.B., D.B.'s five-year-old cousin.

{¶ 3} At trial, the state presented the testimony of several witnesses, including L.B., her parents, her maternal aunt, and Lisa Zanella, a social worker in the sex abuse department of the Department of Children and Family Services. That testimony revealed that Brewer, a friend of D.B.'s mother, lived with D.B.'s family in Cleveland, Ohio, and was present when L.B. visited her aunt and cousins at their home in March and April 2005. On April 30, 2005, L.B.'s father called her mother, advising that L.B. had said that someone named Sam had kissed her at her aunt's home. When L.B.'s mother questioned L.B. about the incident, L.B. told her that Sam had touched her private area, which her mother understood to mean her vagina. L.B.'s mother then called her sister, D.B.'s mother, to report the incident. D.B.'s mother then questioned D.B. and called the Cleveland police to file a complaint.

{¶ 4} As part of the investigation of the complaint, Zanella interviewed L.B. At trial, Zanella testified, over objection, that during the interview, she showed L.B. a picture of a girl her age and an adult male and asked her to circle "private areas" and tell her what she called them. Zanella further stated that L.B. identified her vagina as her "private area" and that she identified the genital area of an adult male as "balls." Zanella also testified that upon further questioning, L.B. told her that "Sam touched her with his balls in her private area" and "put his balls in her mouth."

{¶ 5} The state also called L.B., who testified that Brewer had kissed her, but at first, she denied that he had touched her while he was kissing her. When asked to identify her "privacy," L.B. stood up next to her chair so the jury could see where she pointed.[1] L.B. denied that she pointed below her waist, but unfortunately, the record here does not specifically reflect where she pointed.[2] When asked directly, "Did somebody touch you on your privacy?" L.B. responded, "No." But then she said that Sam had touched her while he kissed her, and she pointed to where he had touched her. Upon further questioning, she agreed that he had touched her in the same place she had just shown the jury. She also testified that Brewer told her not to tell anyone.

---

1. L.B.'s aunt testified that she had used the term "privacy" with her children to mean both male and female genitalia.

2. Although nothing in our rules of procedure establishes a duty to describe gestures or actions that occur in the courtroom, it is helpful to a reviewing court when the trial court or counsel develop the record by contemporaneously describing events occurring in the courtroom.

{¶ 6} At the close of evidence, the court granted Brewer's Crim.R. 29 motion with respect to one of the rape and one of the kidnapping charges. The jury then found Brewer guilty of gross sexual imposition, but not guilty of the remaining charges. Brewer appealed his conviction, contending that the trial court had erred in admitting hearsay testimony and that the state had failed to present sufficient evidence to support his conviction.

{¶ 7} The court of appeals determined that the trial court had improperly admitted Zanella's hearsay testimony about her interview with L.B. *State v. Brewer*, Cuyahoga App. No. 87701, 2006-Ohio-6029, 2006 WL 3317926, ¶ 10–13 (*"Brewer I"*). The appellate court concluded that the admission of Zanella's testimony was not harmless beyond a reasonable doubt, because no other evidence demonstrated that Brewer had touched L.B.'s genitals with his genitals and had placed his genitals in her mouth, and the remaining evidence did not constitute overwhelming evidence of Brewer's guilt. Id. at ¶ 11–13. Therefore, the court reversed Brewer's conviction, remanded the case for a new trial, and deemed his challenge to the sufficiency of the state's evidence moot. Id. at ¶ 13.

{¶ 8} We accepted Brewer's first appeal and summarily reversed the holding that Brewer's challenge to the sufficiency of the evidence was moot. We remanded the matter and instructed the court of appeals to consider that issue. *State v. Brewer*, 113 Ohio St.3d 375, 2007-Ohio-2079, 865 N.E.2d 900.

{¶ 9} On remand, the court of appeals followed *Lockhart v. Nelson* (1988), 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265, considered all the evidence admitted at trial, including the improperly admitted hearsay evidence, viewed it in a light most favorable to the prosecution, and determined that the state had presented sufficient evidence to permit a reasonable trier of fact to find all the essential elements of the crime proven beyond a reasonable doubt. *State v. Brewer*, Cuyahoga App. No. 87701, 2007-Ohio-3407, 2007 WL 1934365 ¶ 11–14 (*"Brewer II"*). Nevertheless, the court determined that the improper and prejudicial admission of Zanella's testimony required it to reverse Brewer's conviction and remand the cause for a new trial. Id. at ¶ 14. Brewer then asked the court of appeals to reconsider its decision.

{¶ 10} In his motion for reconsideration, Brewer argued that *State v. Lovejoy* (1997), 79 Ohio St.3d 440, 683 N.E.2d 1112, directs an appellate court to consider only evidence properly admitted at trial in reviewing the sufficiency of the evidence supporting a conviction. *State v. Brewer*, Cuyahoga App. No. 87701, 2007-Ohio-4291, 2007 WL 2391084, ¶ 1, 13 (*"Brewer III"*). The court of appeals rejected that argument and distinguished *Lovejoy* on the basis that it involved a bench trial rather than a jury trial.

{¶ 11} Brewer again appealed to this court, and we again granted discretionary review.

## Arguments of the Parties

{¶ 12} Brewer now contends that our decision in *State v. Lovejoy,* 79 Ohio St.3d 440, 683 N.E.2d 1112, permits a reviewing court to consider only properly admitted evidence to determine whether the state submitted sufficient evidence to support a guilty verdict such that double jeopardy will not bar retrial. *Lovejoy* at 450, 683 N.E.2d 1112. He asserts that the properly admitted evidence in this case is insufficient to support his conviction for gross sexual imposition, and therefore, he claims, Ohio's Double Jeopardy Clause bars retrial. Moreover, Brewer contends that a sufficiency analysis should be the same whether a conviction results from a bench trial or a jury trial.

{¶ 13} Conversely, the state argues that in *Lockhart v. Nelson,* 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265, the court held that the Double Jeopardy Clause does not bar retrial when all the evidence admitted by the trial court is sufficient to support a guilty verdict. The state observes that we cited *Lockhart* with approval in *State v. Yarbrough,* 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 80, and contends that following *Lockhart* will promote judicial efficiency by permitting the state to rely upon the trial court's evidentiary rulings and avoid the necessity of offering cumulative evidence to support each element in case the trial court's evidentiary ruling is overruled on appeal.

## Law and Analysis

{¶ 14} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protect criminal defendants against multiple prosecutions for the same offense. This court has recognized that "[t]he protections afforded by the two Double Jeopardy Clauses are coextensive." *State v. Martello,* 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, ¶ 7, citing *State v. Gustafson* (1996), 76 Ohio St.3d 425, 432, 668 N.E.2d 435.

{¶ 15} The principle behind the Double Jeopardy Clause " 'is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for the alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.' " *State v. Roberts,* 119 Ohio St.3d 294, 2008-Ohio-3835, 893 N.E.2d 818, ¶ 11, quoting *Green v. United States* (1957), 355 U.S. 184, 187–188, 78 S.Ct. 221, 2 L.Ed.2d 199. "Repeated prosecutorial sallies would unfairly burden the defendant and create a risk of conviction through sheer governmental perseverance." *Tibbs v. Florida* (1982), 457 U.S. 31, 41, 102 S.Ct. 2211, 72 L.Ed.2d 652. Therefore, " '[t]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding.' " *State v.*

*Calhoun* (1985), 18 Ohio St.3d 373, 376, 18 OBR 429, 481 N.E.2d 624, quoting *Burks v. United States* (1978), 437 U.S. 1, 11, 98 S.Ct. 2141, 57 L.Ed.2d 1.

{¶ 16} While the Double Jeopardy Clause protects a defendant from successive prosecutions for a single offense, society also has an interest " 'in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury.' " *State v. Glover* (1988), 35 Ohio St.3d 18, 20, 517 N.E.2d 900, quoting *Arizona v. Washington* (1978), 434 U.S. 497, 505, 98 S.Ct. 824, 829, 54 L.Ed.2d 717. In balancing these competing interests, the United States Supreme Court has long recognized that double jeopardy will not bar retrial of a defendant who successfully overturns his conviction on the basis of trial error, through either direct appeal or collateral attack. *Lockhart v. Nelson*, 488 U.S. 33, 38, 109 S.Ct. 285, 102 L.Ed.2d 265, citing *United States v. Ball* (1896), 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (retrial permitted following reversal of conviction on direct appeal), and *United States v. Tateo* (1964), 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (retrial permitted when conviction overturned on collateral attack). These decisions recognize that "[i]t would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction." *Tateo* at 466, 84 S.Ct. 1587, 12 L.Ed.2d 448.

{¶ 17} In *Lockhart v. Nelson*, the court considered "whether the Double Jeopardy Clause allows retrial when a reviewing court determines that a defendant's conviction must be reversed because evidence was erroneously admitted against him, and also concludes that without the inadmissible evidence there was insufficient evidence to support a conviction." *Lockhart*, 488 U.S. at 40, 109 S.Ct. 285, 102 L.Ed.2d 265. It held that "where the evidence offered by the State and admitted by the trial court—whether erroneously or not—would have been sufficient to sustain a guilty verdict, the Double Jeopardy Clause does not preclude retrial." Id. at 35, 109 S.Ct. 285, 102 L.Ed.2d 265.

{¶ 18} In *Lockhart*, the court acknowledged that while it had previously held that the Double Jeopardy Clause bars retrial when an appellate court reverses a conviction based *solely* upon the sufficiency of the evidence, it distinguished that holding on the basis that such a reversal is the equivalent of a judgment of acquittal, which affords the defendant absolute immunity from further prosecution for the same offense. *Lockhart* at 39, 109 S.Ct. 285, 102 L.Ed.2d 265, distinguishing *Burks v. United States* (1978), 437 U.S. 1, 10–11, 98 S.Ct. 2141, 57 L.Ed.2d 1. In distinguishing between appellate court reversals based solely upon insufficiency of the evidence and those based on ordinary "trial errors," the court stated: "While the former is in effect a finding 'that the government has failed to prove its case' against the defendant, the latter 'implies nothing with respect to the guilt or innocence of the defendant,' but is simply 'a determination that [he]

has been convicted through a judicial *process* which is defective in some fundamental respect.'" (Emphasis added in *Lockhart.*) *Lockhart*, 488 U.S. at 40, 109 S.Ct. 285, 102 L.Ed.2d 265, quoting *Burks*, 437 U.S. at 15, 98 S.Ct. 2141, 57 L.Ed.2d 1.

{¶ 19} By permitting a reviewing court to consider all the evidence presented at trial, *Lockhart*'s holding recognizes that the state may rely upon the trial court's evidentiary rulings in deciding how to present its case. "If the evidence offered by the State is received after challenge and is legally sufficient to establish the guilt of the accused, the State is not obligated to go further and adduce additional evidence that would be, for example, cumulative. Were it otherwise, the State, to be secure, would have to assume every ruling by the trial court on the evidence to be erroneous and marshall and offer every bit of relevant and competent evidence. The practical consequences of this would adversely affect the administration of justice, if for no other reason, by the time which would be required for preparation and trial of every case." *State v. Wood* (Mo. 1980), 596 S.W.2d 394, 398–399; *State v. Gray* (1986), 200 Conn. 523, 538, 512 A.2d 217. Thus, retrial grants the state "one full and fair opportunity" to present its evidence to the jury free from error. See *Washington*, 434 U.S. at 505, 98 S.Ct. 824, 54 L.Ed.2d 717.

{¶ 20} Because *Lockhart* involved a trial error—the trial court's erroneous admission of evidence—the United States Supreme Court concluded that a reviewing court should consider all the evidence admitted by the trial court in deciding whether retrial comports with double jeopardy principles. *Lockhart*, 488 U.S. at 40–41, 109 S.Ct. 285, 102 L.Ed.2d 265. Here, as in *Lockhart*, the trial court's error in admitting Zanella's hearsay testimony is a trial error that precipitated Brewer's conviction based on inadmissible evidence. *Lockhart* at 40, 109 S.Ct. 285, 102 L.Ed.2d 265, citing *Burks*, 437 U.S. at 15, 98 S.Ct. 2141, 57 L.Ed.2d 1 (identifying incorrect receipt or rejection of evidence, incorrect instructions, and prosecutorial misconduct as trial error). Thus, the court's error in admitting hearsay testimony does not implicate the type of governmental oppression that the Double Jeopardy Clause is intended to prevent. Hence, reversal of Brewer's conviction based upon this error allows him to "'obtai[n] a fair readjudication of his guilt free from error.'" *Lockhart* at 42, 109 S.Ct. 285, 102 L.Ed.2d 265, quoting *Burks* at 15, 98 S.Ct. 2141, 57 L.Ed.2d 1.

{¶ 21} Thus, this case and *Lockhart* involve a trial court's erroneous admission of evidence presented by the state during its case-in-chief and the state's reliance upon the erroneous evidentiary rulings. In contrast, the facts presented in *State v. Lovejoy*, 79 Ohio St.3d 440, 683 N.E.2d 1112, differ dramatically from those presented here and in *Lockhart*.

{¶ 22} In *Lovejoy,* the state did not rely on an erroneous trial court evidentiary ruling, but rather failed to meet its burden of proof to present sufficient evidence to prove the defendant's guilt beyond a reasonable doubt. Recognizing the state's failure, the trial court sua sponte reopened the case to take judicial notice of prior proceedings in a different case to establish a missing element.[3] Id. at 449–450, 683 N.E.2d 1112; *State v. Lovejoy* (Feb. 8, 1996), Franklin App. No. 95APA07–849, 1996 WL 52896, at *9. Thus, *Lovejoy* is factually distinguishable from *Lockhart* and this case because in *Lovejoy,* the state never relied on an erroneous evidentiary ruling in deciding what evidence to present at trial. Instead, *Lovejoy* involved the prosecution's failure to meet the sufficiency-of-evidence standard.

{¶ 23} On appeal to this court, the state did not challenge the appellate court's ruling excluding the judicially noticed fact. *Lovejoy,* 79 Ohio St.3d at 449, 683 N.E.2d 1112. Accordingly, the sufficiency of the evidence became the key issue in the cross-appeal. Because the state had failed to present sufficient evidence to prove an essential element of the crime before resting its case, a remand for retrial would have given the state a second bite at the apple. Thus, we held that "[a]fter determining that the evidence of the conviction was erroneously considered by the trial judge, the appellate court should have reviewed the remaining evidence to determine whether it was sufficient to support a conviction." *Lovejoy,* 79 Ohio St.3d at 450, 683 N.E.2d 1112. Relying on the appellate court's determination that " '[i]f the court had not taken judicial notice of this critical fact, the documents offered by the state were insufficient to prove that appellant was under a disability,' " we concluded that the decision to remand was improper. Id. Those are not the facts of the instant case.

{¶ 24} This case is distinguishable from *Lovejoy* and is controlled by *Lockhart.* *Lovejoy* applies to the types of cases distinguished by the court in *Lockhart,* where "a defendant's conviction is reversed by an appellate court on the sole ground that the evidence was insufficient to sustain the jury's verdict" and the trial court should have entered a judgment of acquittal. *Lockhart,* 488 U.S. at 39, 109 S.Ct. 285, 102 L.Ed.2d 265, citing *Burks,* 437 U.S. at 16–17, 98 S.Ct. 2141, 57 L.Ed.2d 1. By barring retrial on double jeopardy grounds in *Lovejoy,* we "recreate[d] the situation that would have been obtained" if the trial court had not erroneously reopened the case to take judicial notice of a necessary element

---

3. While acknowledging that Evid.R. 201 permits a court to take judicial notice of adjudicative facts sua sponte, the appellate court observed that "the overwhelming majority of courts in Ohio have held that ' * * * a court may not take judicial notice of prior proceedings in the court, but may only take judicial notice of prior proceedings in the immediate case.' " *State v. Lovejoy* (Feb. 8, 1996), Franklin App. No. 95APA07–849, 1996 WL 52896, at *9, quoting *Diversified Mtge. Investors, Inc. v. Bd. of Revision* (1982), 7 Ohio App.3d 157, 159, 7 OBR 201, 454 N.E.2d 1330.

of the crime after closing arguments. The facts here, however, correspond to *Lockhart*, not *Lovejoy*. Relying on the trial court's erroneous evidentiary ruling, the state elected to rest its case after it introduced, and the trial court admitted, sufficient evidence to sustain its burden of proof. Had the trial court properly ruled on the admissibility of the state's evidence, the state would have had the opportunity to present additional evidence in support of its burden of proof. Therefore, as in *Lockhart*, double jeopardy does not bar retrial in this situation.

{¶ 25} As the United States Supreme Court held in *Lockhart*, we hold that when evidence admitted at trial is sufficient to support a conviction, but on appeal, some of that evidence is determined to have been improperly admitted, the Double Jeopardy Clauses of the United States and Ohio Constitutions will not bar retrial. *Lockhart v. Nelson*, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265. This holding applies equally to convictions resulting from both bench trials and jury trials.

{¶ 26} For the foregoing reasons, the Double Jeopardy Clauses of the United States and Ohio Constitutions do not bar Brewer's being retried for gross sexual imposition, because the evidence admitted at trial was sufficient to support his conviction. And although the appellate court determined that the trial court had erroneously admitted some of that evidence, the state was entitled to rely upon the trial court's evidentiary ruling in deciding how to present its case on that charge. Accordingly, we affirm the judgment of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, and CUPP, JJ., concur.

MOYER, C.J., and LANZINGER, J., dissent.

———————

**MOYER, C.J., dissenting.**

{¶ 27} In *State v. Lovejoy* (1997), 79 Ohio St.3d 440, 683 N.E.2d 1112, we held that the Double Jeopardy Clause bars retrial in a criminal case when a court of appeals reviews the evidence and determines that the properly admitted evidence is insufficient to support a conviction. Because the majority opinion improperly limits the holding of *Lovejoy*, I dissent.

{¶ 28} The majority correctly explains the pertinent facts of *Lovejoy*. In that case, the trial court reopened the evidence, sua sponte, after the close of the case, in order to take judicial notice of a fact essential to the state's case. Id. at 449, 683 N.E.2d 1112. The court of appeals held that the trial court had erred in reopening the evidence and that without the judicially noticed evidence, the

remaining, properly admitted evidence was insufficient to support a conviction. Id. at 450, 683 N.E.2d 1112.

{¶ 29} We held that double-jeopardy principles barred retrial, because retrial under such circumstances "is what the Double Jeopardy Clause was intended to prevent. If the state fails to present sufficient evidence to prove every element of the crime, it should not get a second opportunity to do that which it failed to do the first time." Id. The court of appeals, when reviewing the evidence for sufficiency, was constrained to use only the evidence that was properly admitted; because this evidence was insufficient, principles of double jeopardy barred a new trial. Id.

{¶ 30} The United States Supreme Court had already spoken on this issue by the time *Lovejoy* was decided. As the majority recognizes, the United States Supreme Court concluded that "where the evidence offered by the State and admitted by the trial court — whether erroneously or not — would have been sufficient to sustain a guilty verdict, the Double Jeopardy Clause does not preclude retrial." *Lockhart v. Nelson* (1988), 488 U.S. 33, 34, 109 S.Ct. 285, 102 L.Ed.2d 265. Thus, the holdings of *Lovejoy* and *Lockhart* appear to offer conflicting holdings regarding whether evidence that was improperly admitted may be considered when reviewing a sufficiency-of-the-evidence claim.

{¶ 31} Here, the second proposition that we accepted for review is whether "Ohio's Double Jeopardy Clause forbids the retrial of a defendant when the State failed to present legally sufficient admissible evidence at the first trial to support a criminal conviction." Ohio's Double Jeopardy Clause, which is contained in Section 10, Article I of the Ohio Constitution, has historically been interpreted to offer the same protections as its federal counterpart, which is contained in the Fifth Amendment to the United States Constitution. *State v. Gustafson* (1996), 76 Ohio St.3d 425, 432, 668 N.E.2d 435 ("Ohio courts have historically treated the protections afforded by the Double Jeopardy Clauses of the Ohio Constitution and the United States Constitution as coextensive").

{¶ 32} Yet Ohio's Constitution is a document of independent force and significance. *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 616 N.E.2d 163. And the rights of citizens under the Ohio Constitution are not to be lessened by the jurisprudence of related federal constitutional provisions. In the syllabus of *Arnold,* we held:

{¶ 33} "The Ohio Constitution is a document of independent force. In the areas of individual rights and civil liberties, the United States Constitution, where applicable to the states, provides a floor below which state court decisions may not fall. As long as state courts provide at least as much protection as the United States Supreme Court has provided in its interpretation of the federal Bill

of Rights, state courts are unrestricted in according greater civil liberties and protections to individuals and groups." Id. at paragraph one of the syllabus.

{¶ 34} In this instance, pursuant to *Lovejoy*, Ohio's Double Jeopardy Clause would offer greater protection from multiple prosecutions than the federal clause by narrowing the circumstances under which a defendant may be retried when the state fails to prove its case during the first go-around. Although we have historically found Ohio's Double Jeopardy Clause to be coextensive with its federal counterpart, Ohio's clause is not limited by the federal clause.

{¶ 35} The *Lovejoy* majority was well aware of *Lockhart* when *Lovejoy* was decided, yet it chose a different path. In fact, the dissent—which I joined—would have applied the *Lockhart* standard. *Lovejoy*, 79 Ohio St.3d at 458–459, 683 N.E.2d 1112. In the dissenting opinion, Justice Cook explained that *Lockhart* permits a reviewing court to examine all the evidence, even the evidence that was improperly admitted, when determining sufficiency. Id. at 459, 683 N.E.2d 1112. Under *Lockhart*, erroneous admission of evidence is a matter of "trial error," which "has fundamentally different implications from a reversal based on evidentiary sufficiency. Trial error does not ·imply guilt or innocence of the defendant, but is a determination that the defendant has been convicted through a defective process." *Lovejoy* at 459, 683 N.E.2d 1112. Accordingly, under the United States Supreme Court's double-jeopardy doctrine, a court considers all evidence—whether properly admitted or not—when evaluating for sufficiency, and retrial is permitted when that evidence is sufficient to support a conviction. *Lockhart*, 488 U.S. at 34, 109 S.Ct. 285, 102 L.Ed.2d 265.

{¶ 36} However, the majority in *Lovejoy* did not apply *Lockhart*. Thus, *Lovejoy* implicitly holds that for double-jeopardy purposes, *Lockhart* is not controlling in Ohio. Indeed, *Lovejoy*'s holding on this issue is irreconcilably opposed to *Lockhart*; under *Lovejoy*, improperly admitted evidence cannot be considered when a court of appeals evaluates the sufficiency of the evidence. *Lovejoy*, 79 Ohio St.3d at 450, 683 N.E.2d 1112. Of course, such a result is entirely permissible under the principles of federalism.

{¶ 37} The majority distinguishes the present case from the situation in *Lovejoy*, in which closing arguments had been made when the trial court reopened the case to take judicial notice of certain evidence. In *Lovejoy*, according to the majority, the state did not rely on the trial court's erroneous admission of evidence, but instead failed to make its case with sufficient evidence prior to the trial court's taking judicial notice of certain essential facts.

{¶ 38} In the present case, the trial court's error was in the admission of inadmissible hearsay evidence. According to the majority, in this case, the trial court's erroneous ruling could have harmed the state, in that the state relied on that ruling to determine what evidence to present at trial. In other words, the

state was satisfied that with the admission of this particular piece of testimony— later determined inadmissible hearsay—it had sufficiently established proof of the element of the offense charged and therefore did not need to introduce any extra evidence regarding that particular element of the offense. The state's ability to rely on the trial court's evidentiary rulings in such situations furthers the administration of justice by saving time in the preparation and trial of criminal matters, according to the majority. I need not address the efficacy of the underlying policy choices in this rationale, because I find the differentiation unpersuasive.

{¶ 39} Before us is the question of which evidence is available to a court of appeals for review of the sufficiency of evidence: should evidence that was improperly admitted be included in the sufficiency calculus? It matters not who propounded the evidence and when; the error was the same. In *Lovejoy,* the trial court erred by sua sponte reopening the evidence after the close of the state's case; in this case, the trial court erred by admitting inadmissible evidence. In both cases the improper evidence was requisite for conviction. And in both cases, the heart of the error was the erroneous admission of crucial evidence. *Lovejoy* should control the issue before us.

{¶ 40} For the foregoing reasons, I would reverse the decision of court of appeals, vacate Brewer's conviction, and hold that Ohio's Double Jeopardy Clause bars Brewer's retrial. Accordingly, I dissent.

LANZINGER, J., concurs in the foregoing opinion.

———————

William D. Mason, Cuyahoga County Prosecuting Attorney, and Jon W. Oebker and Kristen L. Sobieski, Assistant Prosecuting Attorneys, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and Cullen Sweeney, Assistant Public Defender, for appellant.