Lanzinger, J.,
concurring in judgment only.
{¶ 27} I concur in the judgment. I would not, however, simply distinguish, but would overrule State v. Brewer, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284. In cases like this, it is not useful to ask whether retrial may be allowed on grounds of trial error or whether retrial is prohibited by double jeopardy on grounds of insufficiency of the evidence. After all, the state argues that it relied on the court’s judicial notice under Evid.R. 201 that Bud Light is beer. The state maintains that this ruling is “trial error” in the admission of evidence. Under Brewer’s standard, all evidence, even that improperly admitted, is considered when determining sufficiency of the evidence;- therefore, retrial is always possible.
{¶ 28} The Brewer majority had accepted the federal rule stated in Lockhart v. Nelson, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988), that the Double Jeopardy Clause does not bar retrial when all the evidence admitted by the trial court is sufficient to support a guilty verdict. Yet, as Chief Justice Moyer pointed out in his dissent in Brewer,
We held [in State v. Lovejoy, 79 Ohio St.3d 440, 683 N.E.2d 1112 (1997)] that double-jeopardy principles barred retrial, because retrial under such circumstances [when the trial court sua sponte reopens the evidence to take judicial notice of a fact essential to the state’s case] “is what the Double Jeopardy Clause was intended to prevent. If the state fails to present sufficient evidence to prove every element of the crime, it should not get a second opportunity to do that which it failed to do the first time.” Id. The court of appeals, when reviewing the evidence for sufficiency, was *100 constrained to use only the evidence that was properly admitted; because this evidence was insufficient, principles of double jeopardy barred a new trial. Id.
121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, at ¶ 29 (Moyer, C.J., dissenting).
{¶ 29} This court’s holding in Lovejoy and the U.S. Supreme Court’s holding in Lockhart thus were in conflict regarding whether evidence that was improperly admitted may be considered when reviewing a sufficiency-of-the-evidence claim. Chief Justice Moyer explained,
In this instance, pursuant to Lovejoy, Ohio’s Double Jeopardy Clause would offer greater protection from multiple prosecutions than the federal clause by narrowing the circumstances under which a defendant may be retried when the state fails to prove its case during the first go-around. Although we have historically found Ohio’s Double Jeopardy Clause to be coextensive with its federal counterpart, Ohio’s clause is not limited by the federal clause.
Id. at ¶ 34 (Moyer, C.J., dissenting). I agree. The state has one fair and full opportunity to be put to its proof against a criminal defendant and should ensure that it satisfies each element of the offense by proof beyond a reasonable doubt to support a conviction. I would clarify the rule by holding that Brewer is no longer good law. I concur in judgment reversing Kareski’s conviction.
O’Connor, C.J., concurs in the foregoing opinion.