French, J.,
dissenting.
{¶ 30} I respectfully dissent from the majority’s opinion, which I consider to be a departure from settled double-jeopardy principles recognized by the United States Supreme Court and adopted by this court in the context of the Ohio Constitution. By equating a reversal for evidentiary trial error with an acquittal for constitutionally insufficient evidence, the majority’s holding runs headlong into a thicket of state and federal constitutional problems and will undoubtedly cause uncertainty and confusion for appellate courts.
{¶ 31} The Fifth Amendment’s Double Jeopardy Clause bars retrial following a reversal for insufficiency of the evidence, but not following a reversal for “trial error,” such as the “incorrect receipt or rejection of evidence.” Burks v. United States, 437 U.S. 1, 15, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Unlike a reversal for evidentiary trial error, a reversal for constitutionally insufficient evidence is the *101 equivalent of a trial court’s judgment of acquittal at the close of all of the evidence. Id. at 16-17. Reversal for insufficiency represents a legal finding that, after viewing the record evidence in a light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
{¶ 32} In Lockhart v. Nelson, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988), the United States Supreme Court explained which evidence an appellate court must consider in a sufficiency analysis once it has determined that the conviction should be reversed due to trial error in the admission of evidence. Because a reversal for insufficiency of the evidence “should be treated no differently than a trial court’s granting a judgment of acquittal at the close of all the evidence,” the court held that an appellate court must consider “all of the evidence admitted by the trial court,” whether or not the evidence was erroneously admitted. Id. at 41. When the evidentiary insufficiency exists only because of the appellate court’s initial conclusion that certain evidence was admitted in error, the reversal is one based on trial error, and a reversal will not bar retrial. Id. at 40. In State v. Brewer, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, syllabus, this court explicitly “followed” Lockhart in the context of the Ohio Constitution. See also State v. Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 80 (applying the “all evidence” rule established in Lockhart).
{¶ 33} I am compelled, under the logic of Burks, Lockhart, and Brewer, to view the reversal in this case as one based on trial error. The evidentiary insufficiency existed only because the court of appeals concluded that the trial court erred in taking judicial notice of an adjudicative fact, i.e., that Bud Light is beer.[1] See Lockhart at 40 (finding “trial error” when “the trial court erred in admitting a particular piece of evidence, and without it there was insufficient evidence to support a judgment of conviction”). With that judicially noticed fact, there was sufficient evidence to support Kareski’s conviction: the remaining evidence proved that Kareski, while bartending, served a bottle of “Bud Light beer” to a 19-year-old. Accordingly, the court of appeals was correct to include the judicially noticed fact in its sufficiency analysis.
{¶ 34} The majority acknowledges that the judicially noticed fact “saved the state’s case,” majority opinion at ¶ 25, yet it concludes that the court of appeals should have subtracted that fact from its sufficiency analysis. That is precisely what Lockhart says not to do. A reviewing court must consider “all of the evidence admitted by the trial court,” regardless of whether that evidence was *102 admitted erroneously. Lockhart, 488 U.S. at 41, 109 S.Ct. 285, 102 L.Ed.2d 265. Reviewing the “same quantum of evidence” is what “make[s] the analogy complete” between a reversal for insufficiency on the one hand, and the trial court’s granting of an acquittal at the close of the evidence on the other. Id. at 42. Reviewing the sufficiency of only some of the evidence would destroy that analogy, and a finding of insufficiency would not equate to an acquittal for double-jeopardy purposes.
Cheri B. Cunningham, Akron Director of Law, Michael J. Defibaugh, Assistant Director of Law, and Gertrude Wilms, Akron Chief City Prosecutor, for appellee.
Amer Cunningham Co., L.P.A., Jack Morrison Jr., Thomas R. Houlihan, and Scott E. Mullaney, for appellant.
Ron O’Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, urging affirmance for amicus curiae, Franklin County Prosecuting Attorney Ron O’Brien.
{¶ 35} The majority relies on the “remaining evidence” standard, which this court created, without supporting authority, in State v. Lovejoy, 79 Ohio St.3d 440, 450, 683 N.E.2d 1112 (1997). But we cannot apply such a standard for the simple reason that it conflicts with the “all evidence” standard established in Lockhart, which is a binding interpretation of the United States Constitution. Our decision in Lovejoy did not rely on the Ohio Constitution to support a “remaining evidence” standard. In fact, this court did not directly confront that question until Brewer, in which we distinguished Lovejoy, but also expressly adopted the Lockhart rule in the context of the Ohio Constitution. Id. at syllabus. While the concurring opinion calls for an overruling of Brewer, which is no more than an adoption of Lockhart, I believe that Brewer is the only case keeping Ohio on track with the constitutional holdings in Burks and Lockhart. We have historically treated the Ohio Double Jeopardy Clause as “coextensive” with its federal counterpart, State v. Gustafson, 76 Ohio St.3d 425, 432, 668 N.E.2d 435 (1996), and I see no valid reason to depart from that practice in this case.
{¶ 36} Lockhart’s “all evidence” rule is logical, straightforward, and, as a constitutional matter, mandatory. I would affirm the court of appeals’ judgment following Lockhart and hold that a reversal for an improper judicial notice of fact constitutes a reversal for trial error and that an appellate court must consider the judicially noticed fact in its suffieiency-of-the-evidenee analysis. Therefore, I respectfully dissent.

. The propriety of that conclusion is not before us in this appeal.