TIMOTHY P. CANNON, J., concurring.
 

 {¶ 67} I concur with the majority's conclusion that the trial court erred when it allowed the state to introduce "other acts" evidence in violation of Evid.R. 404(B) because it was used to prove appellant's character to show she acted in conformity therewith. This error was prejudicial to appellant, as there was not overwhelming independent evidence of her guilt.
 

 {¶ 68} I also agree that appellant's convictions should be vacated. I write separately to address the State's brief, which offers little accurate defense to appellant's contentions and takes great liberty with a recitation of the "other acts" evidence adduced at trial. The State contends the main purpose of Detective Felt's testimony, over objection, was "to give some sense of context to the DNA evidence which was recovered." His testimony did no such thing. Detective Felt testified there was a double homicide on Norman Avenue and was asked if officers were able to identify any vehicle that may have been involved. He responded: "To an extent, yes." They were looking for a "silver four-door SUV." When defense counsel objected, the trial court overruled the objection, stating: "All he said is they were looking for that type of a car. There's probably 10,000 silver four-door SUVs."
 

 {¶ 69} The trial court allowed the detective to testify as to how he followed up on that lead. Detective Felt indicated he discovered that appellant's mother owned a silver four-door SUV and that appellant had "access" to it. There was no testimony, however, that appellant was seen driving that vehicle near the scene of the Norman Avenue homicides or that she
 
 ever
 
 drove that vehicle, let alone as a getaway driver.
 

 {¶ 70} The State then attempted to elicit testimony about another murder, closely related in time, on Hiawatha Avenue. When the detective was asked how appellant was involved in that case, he began to respond, stating she was "identified as the driver of the-"; whereupon defense counsel objected. The objection was sustained, and no further testimony was elicited about this incident.
 

 {¶ 71} The State contends in its brief that appellant was "implicated" as the getaway driver in these homicides. That is a complete misrepresentation of the testimony at trial.
 

 {¶ 72} At the close of the State's case, appellant's Crim.R. 29 motion for acquittal should have been granted. Even considering the inadmissible "other acts" evidence, there was insufficient evidence to support appellant's convictions. As a result, I agree the manifest weight claim is moot.
 

 CYNTHIA WESTCOTT RICE, J., concurs in part and dissents in part, with a Dissenting Opinion.
 

 {¶ 73} While I agree that the trial court erred in allowing the state to introduce the other acts evidence, I would reverse the matter and remand it for a new trial,
 pursuant to
 
 State v. Brewer
 
 ,
 
 121 Ohio St.3d 202
 
 ,
 
 2009-Ohio-593
 
 ,
 
 903 N.E.2d 284
 
 .
 

 {¶ 74} In
 
 Brewer
 
 , the Supreme Court held "[w]hen evidence admitted at trial is sufficient to support a conviction, but on appeal, some of that evidence is determined to have been improperly admitted, the Double Jeopardy Clauses of the United States and Ohio Constitutions will not bar retrial."
 

 Id.
 

 at syllabus. The Court noted that, in
 
 Lockhart v. Nelson
 
 ,
 
 488 U.S. 33
 
 ,
 
 109 S.Ct. 285
 
 ,
 
 102 L.Ed.2d 265
 
 (1988), the United States Supreme Court held that " 'where evidence offered by the State and admitted by the trial court-whether erroneously or not-would have been sufficient to sustain a guilty verdict, the Double Jeopardy Clause does not preclude retrial.' "
 
 Brewer
 
 ,
 
 supra
 
 , at ¶ 17, quoting
 
 Lockhart
 
 ,
 
 supra
 
 , at 35,
 
 109 S.Ct. 285
 
 . The Court in
 
 Lockhart
 
 acknowledged that, while it had previously held that double jeopardy bars retrial when an appellate court reverses a conviction based only upon evidential insufficiency, it distinguished that holding on the basis that such a reversal is equivalent to an acquittal.
 

 Id.
 

 at 39
 
 ,
 
 109 S.Ct. 285
 
 . In distinguishing between appellate court reversals based on ordinary "trial errors," the Court observed: "While the former is in effect a finding 'that the government has failed to prove its case' against the defendant, the latter 'implies nothing with respect to the guilt or innocence of the defendant,' but is simply 'a determination that [he] has been convicted through a judicial
 
 process
 
 which is defective in some fundamental respect.' "
 

 Id.
 

 at 40
 
 ,
 
 109 S.Ct. 285
 
 , quoting
 
 Burks v. United States
 
 ,
 
 437 U.S. 1
 
 , 15,
 
 98 S.Ct. 2141
 
 ,
 
 57 L.Ed.2d 1
 
 (1978).
 

 {¶ 75} With these points in mind, I would hold the other acts evidence should have been excluded; because, however, the evidence would have been sufficient when considered in light of the improperly admitted other acts evidence, I would also hold, pursuant to
 
 Brewer
 
 and
 
 Lockhart
 
 , that the matter must be reversed and remanded for a new trial.
 

 {¶ 76} I accordingly concur in part and dissent in part.