[Cite as *State v. Jackson*, 2022-Ohio-2805.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                                           :
                                                                    :
    Plaintiff-Appellee                         :        Appellate Case No. 29343
                                                                    :
v.                                                                 :        Trial Court Case No. 21-CRB-2957
                                                                    :
BRITTANY J. JACKSON                            :        (Criminal Appeal from
                                                                    :        Municipal Court)
    Defendant-Appellant                      :
                                                                    :

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of August, 2022.

. . . . . . . . . . .

AMY B. MUSTO, Atty. Reg. No. 0071514, Assistant Prosecuting Attorney, City of Dayton Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 335 West Third Street, Room 372, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

MICHAEL HALLOCK, JR., Atty. Reg. No. 0084630, P.O. Box 292017, Dayton, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

**{¶ 1}** Following a bench trial in the Dayton Municipal Court, Brittany J. Jackson was convicted of violating a protection order, a misdemeanor of the first degree. Jackson appeals from her conviction, claiming that the trial court erred in failing to grant her Crim.R. 29(A) motion for acquittal and that the trial court erred in admitting a video and text messages at trial. For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

**{¶ 2}** Jackson and the complainant, Jocelyn Mobley, both were in a relationship with Jason Pickett at the same time, which created hostility between the two women. In late July 2021, Mobley obtained a civil stalking protection order against Jackson, which prohibited Jackson from initiating or having any contact with her. Contact included telephone, text, e-mail, voicemail, social media, posting a message, and other means, either directly or through other people. The parties agreed to no contact for two years. Despite the order, Mobley received multiple text messages and a video, which she believed came from Jackson.

**{¶ 3}** On August 25, 2021, Jackson was charged by complaint with violating a protection order, in violation of R.C. 2919.27(A)(2), a first-degree misdemeanor. The matter proceeded to a bench trial during which Mobley and Jackson testified. The State also offered the video and text messages that Mobley had received. Jackson admitted she made the video on Snapchat but denied that she sent the video and texts to Mobley. She argued that the State failed to show that she sent them or that they came from a

phone associated with her. The trial court took the matter under advisement and later found her guilty.

**{¶ 4}** At sentencing, the trial court imposed 90 days in jail, all of which was suspended, and placed Jackson on one year of non-reporting community control. Jackson was ordered to pay a $100 fine and court costs. At Jackson's request, the trial court stayed the sentence pending appeal.

**{¶ 5}** Jackson appeals from her conviction, raising two assignments of error. We will address them in reverse order.

## II. Denial of Crim.R. 29(A) Motion

**{¶ 6}** In her second assignment of error, Jackson claims that the trial court erred in failing to grant her Crim.R. 29(A) motion because the State did not present sufficient evidence to support her conviction. Jackson argues that there was no evidence that she contacted Mobley.

**{¶ 7}** When reviewing the denial of a Crim.R. 29(A) motion, an appellate court applies the same standard as is used to review a claim based on the sufficiency of the evidence. *State v. Page*, 2d Dist. Montgomery No. 26670, 2017-Ohio-568, ¶ 7, citing *State v. Sheppeard*, 2d Dist. Clark No. 2012-CA-27, 2013-Ohio-812, ¶ 51.

**{¶ 8}** "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The relevant inquiry is whether any rational finder of fact, viewing

the evidence in a light most favorable to the State, could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997). A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact." *Id.*

{¶ 9} In reviewing the trial court's denial of a Crim.R. 29(A) motion at the end of the State's case, we consider only the evidence that had been presented prior to the motion. *State v. Powell*, 2d Dist. Montgomery No. 27951, 2018-Ohio-4693, ¶ 22, citing *Sheppeard* at ¶ 51. In addition, we are required to consider all of the evidence admitted during the State's case, regardless of whether it was admitted erroneously. *See State v. Fleming*, 2d Dist. Clark No. 2021-CA-40, 2022-Ohio-1876, ¶ 27, citing, *e.g., State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284. Accordingly, in this case, we will consider Mobley's testimony and the exhibits admitted as part of the State's case.

{¶ 10} Mobley testified that she and Jackson both signed a protection order in July 2021 which prohibited Jackson from contacting her for two years. A copy of the protection order was admitted, without objection, as State's Exhibit 2. Mobley testified that she had received text messages from Jackson in August. She further stated that she had received a video from Jackson on August 24, 2021, which showed her boyfriend, Pickett, at a restaurant with Jackson. *See* State's Ex. 1-A. The video first focused on Pickett and then showed Jackson. From the content of the video, Jackson appeared to be holding the phone that made the recording. Mobley indicated that she received the video, more than a couple of times, through text messages from an unknown phone

number. *See* State's Ex. B. After she received the video, she received additional texts from that same number. *See* State's Ex. 1-C. (The trial court did not allow the admission of State's Exhibit 1-C, which showed the additional text messages.) Mobley contacted the police.

{¶ 11} When asked how certain she was that Jackson had sent her the video, Mobley responded, "Because the video is basically a Snapchat video. So, the video – you have to have it in your presence and send it to me or somebody. * * *" Tr. at 17. Mobley further testified that she believed the video was produced by Jackson, "because she put the video on herself." *Id.* Mobley believed Jackson had sent her the video because of how it was made and because Jackson had engaged in similar behavior previously.

{¶ 12} Construing the evidence in the light most favorable to the State, as we are required to do with a sufficiency challenge, we conclude that the State's evidence was sufficient to support Jackson's conviction for violating a protection order. The evidence demonstrated that Mobley had received a protection order in July 2021, which prohibited Jackson from contacting her directly or through others. Mobley expressly testified that she received text messages, including multiple links to a video, from Jackson in August 2021. Although Mobley did not recognize the number from which the text messages were sent, the content of the video indicated that Jackson had made the video. The trial court could have reasonably concluded that Jackson contacted Mobley in August 2021 in violation of the protection order. Accordingly, the trial court did not err in denying Jackson's Crim.R. 29(A) motion.

{¶ 13} Jackson's second assignment of error is overruled.

## II. Admission of Video and Text Messages

{¶ 14} In her first assignment of error, Jackson claims that the trial court committed reversible error when it admitted State's Exhibits 1-A and 1-B, including the video and other content, because the messages constituted inadmissible hearsay. She also asserts that the video and text messages were not authenticated.

{¶ 15} The admission or exclusion of relevant evidence is within the sound discretion of the trial court and we review that decision for abuse of discretion. *State v. Jali*, 2d Dist. Montgomery No. 28294, 2020-Ohio-208, ¶ 39. The term "abuse of discretion" indicates an attitude that is arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### A. Authentication

{¶ 16} Authentication is governed by Evid.R. 901. "Evid.R. 901(A) requires, as a condition precedent to the admissibility of evidence, a showing that the matter in question is what it purports to be." *State v. Simmons*, 2d Dist. Montgomery No. 24009, 2011-Ohio-2068, ¶ 12; *State v. Hatfield*, 2d Dist. Montgomery No. 28990, 2022-Ohio-148, ¶ 84. "The threshold standard for authenticating evidence is low, meaning that the party seeking to introduce the disputed evidence need only demonstrate 'a reasonable likelihood that the evidence is authentic.' " (Citations omitted.) *State v. Shropshire*, 2d Dist. Montgomery No. 28659, 2020-Ohio-6853, ¶ 11.

{¶ 17} Evid.R. 901(B) provides examples of several ways that the authentication requirement may be satisfied. The most common method is oral testimony that a matter

is what it is claimed to be under Evid.R. 901(B)(1). *E.g., State v. Quarles*, 2015-Ohio-3050, 35 N.E.3d 616, ¶ 34 (2d Dist.); *State v. Renner*, 2d Dist. Montgomery No. 25514, 2013-Ohio-5463, ¶ 30. We have noted that, "in most cases involving electronic print media, i.e., texts, instant messaging, and e-mails, the photographs taken of the print media or the printouts of those conversations are authenticated, introduced, and received into evidence through the testimony of the recipient of the messages." *State v. Irwin*, 2d Dist. Montgomery No. 26224, 2015-Ohio-195, ¶ 21, quoting *State v. Roseberry*, 197 Ohio App.3d 256, 2011-Ohio-5921, 967 N.E.2d 233, ¶ 75 (8th Dist.).

**{¶ 18}** In this case, Mobley testified that she received a video which showed Jackson and Pickett at a restaurant together, and she preserved the video. After the State played State's Exhibit 1-A, Mobley testified that the video was a fair and accurate depiction of what she had received. Mobley's testimony was sufficient to authenticate State's Exhibit 1-A as the video that was texted to her.

**{¶ 19}** As for the text message which included the link to the video (State's Exhibit 1-B), Mobley testified that she had received text messages from 513-995-****. When shown State's Exhibit 1-B, she identified the exhibit as "the text message I received that had the video linked in there as well." Tr. at 13. Mobley further indicated that the text message included "that right there and then there was a couple other stuff that was said. I don't remember verbatim what they were. I still have them in my phone." *Id.* Mobley's testimony was sufficient to demonstrate that State's Exhibit 1-B was the message she received that included a link to the video.

**B. Hearsay**

{¶ 20} Under Evid.R. 801(C), "hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." "Statement" is defined as (1) an oral or written assertion or (2) nonverbal conduct of a person if that conduct is intended by him as an assertion. Evid.R. 801(A). "An 'assertion' for hearsay purposes 'simply means to say that something is so,' e.g., that an event happened or that a condition existed." (Emphasis and citations omitted.) *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 97. Assertions can generally be proven true or false. *Id.*; *Rogers v. Olt*, 2018-Ohio-2110, 112 N.E.3d 407, ¶ 14 (2d Dist.). In general, hearsay is not admissible. Evid.R. 802.

{¶ 21} "Certain statements are excluded from the definition of hearsay, including statements of a party-opponent where the statement is offered against that party." Evid.R. 801(D)(2)(a); *State v. Cole*, 2d Dist. Miami No. 2013-CA-18, 2014-Ohio-233, ¶ 36.

{¶ 22} Jackson argues that the text messages, including the video and other content, were out-of-court statements offered to prove the truth of the matter asserted. She further argues that there was no evidence that she sent the text messages and, thus, they were not admissible as a statement of a party-opponent. Jackson emphasizes that Mobley was unable to identify the phone number or device from which the text messages were received.

{¶ 23} In this case, the text messages and video did not fall within the definition of hearsay because they were not offered for the truth of the matter contained in them. To prove that Jackson violated the protection order, the State offered evidence establishing

that Jackson had contact with Mobley by way of text messages. It was irrelevant whether the content of those messages was true. Of critical importance was that the text messages were received by Mobley. The disputed video recording showed Jackson at a restaurant with Pickett; Pickett could be seen looking at his phone and then the image switched to Jackson looking down at her phone. The video was not a statement, nor was it offered to prove that Jackson and Pickett were at a restaurant together, the subject of the video. Rather, the video was offered to demonstrate that Jackson had created the video of her and Pickett, which was subsequently sent to Mobley. The State used the video as circumstantial evidence that Jackson had sent the video, even though Mobley did not recognize the phone number from which it was sent.

{¶ 24} Jackson's first assignment of error is overruled.

### III. Conclusion

{¶ 25} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Amy B. Musto
Stephanie L. Cook
Andrew D. Sexton
Michael Hallock, Jr.
Hon. Mia Wortham Spells