DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Tamara Ellenberger, appeals the decision of the Cuyahoga Falls Municipal Court, which found her guilty of theft. This Court reverses.
 I. {¶ 2} On November 19, 2002, appellant went grocery shopping at the Giant Eagle located on Graham Road in Cuyahoga Falls. Upon entering the store, appellant picked up a store circular detailing weekly specials, went to the cash register area, placed three packs of cigarettes in the child seat area of the shopping cart, and continued shopping. Upon finishing her shopping, appellant proceeded to the cash register. After paying for her groceries, appellant stopped outside the doors to the store to review her receipt. At that time, a security guard who had been following appellant since she entered the store approached appellant regarding the three packs of cigarettes appellant put in her cart as she began her shopping. Appellant indicated she had forgotten about the cigarettes under the circular. Appellant apologized for her oversight and offered to pay for the cigarettes. The security guard took appellant back into the store to the manager's office.
 {¶ 3} Once in the office, the security guard prepared a civil demand order. Appellant could not read the civil demand order because she did not have her eyeglasses with her. Appellant asked the security guard if she could call her husband so that he could read the civil demand to her. The security guard did not allow appellant to call her husband and appellant refused to sign the civil demand The security guard then called the police department.
 {¶ 4} When the police arrived at the store, they issued appellant a citation rather than taking her down to the police station.
 {¶ 5} A complaint was filed against appellant in Cuyahoga Falls Municipal Court for one count of petty theft in violation of Cuyahoga Falls Codified Ordinance 545.05. The case proceeded to a bench trial after which the trial court found appellant guilty.
 {¶ 6} Appellant timely appealed, setting forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The city failed to meet its constitutional burden of proof beyond a reasonable doubt when it failed to offer sufficient evidence that ms. ellenberger acted with the intent necessary to establish that she committed theft."
SECOND ASSIGNMENT OF ERROR
"Pursuant to art. IV. 3(b)(3) of the ohio state constitution, the verdict convicting ms. ellenberger of petty theft was against the manifest weight of the evidence."
 {¶ 7} While appellant's first assignment of error is couched as a sufficiency argument, it is essentially an argument that her conviction is against the manifest weight of the evidence. Therefore, appellant's two assignments of error have been combined to facilitate review. To support her contention that her conviction is against the manifest weight of the evidence, appellant avers that the evidence does not show that she possessed the necessary intent to commit the crime. This Court agrees.
 {¶ 8} When a defendant asserts that her conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 9} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 10} In the instant case, appellant was convicted of petty theft, a violation of Cuyahoga Falls Codified Ordinance 545.05, which provides, in relevant part:
"(a) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * *
"(1) Without the consent of the owner or person authorized to give consent[.]"
 {¶ 11} The State argues that the case sub judice is analogous toState v. Gheta (Aug. 24, 1994), 9th Dist. No. 93CA005718, and State v.Smith (Dec. 31, 1981), 10th Dist. No. 81AP-298. This Court disagrees.
 {¶ 12} In Smith, the defendant and a companion were shopping. In the meat department, the defendant put some steaks in an opaque plastic bag that he had brought into the store, and the two continued shopping. At the checkout, the defendant's companion paid for the other items. The defendant asked that the plastic bag containing the steaks be put into the bag with the rest of the groceries, but made no attempt to pay for them.
 {¶ 13} In Gheta, the defendant went into a video store and selected two tapes. One he carried to the counter and presented to the clerk for rental. The other, he concealed in his jacket. He paid for the one tape and attempted to leave the store. The tape concealed in his jacket set off the store's security sensor. After attempting to leave the store a second time, the defendant gave the tape in his jacket to the clerk and said, "you better keep this." In both Smith and Gheta, the defendant was charged with and convicted of theft.
 {¶ 14} The State argues that appellant's intent to deprive Giant Eagle of the cigarettes was proven by her placing a store circular over the cigarettes as she shopped — an act tantamount to concealment as evidenced in Smith and Gheta. This Court disagrees. Here, appellant placed the cigarettes in a store provided shopping cart in the top portion usually referred to as a child compartment. As this Court discussed inGheta, a customer may have the implied consent of a store to remove items from a shelf and carry them to the counter or cashier for payment. He or she does not, however have the right to secret or conceal them on his or her person. It is not unreasonable for a customer to place items that might be crushed in a separate area of the cart, nor is it unusual for him or her to place a circular in this same compartment, as it is the most accessible place in the cart.
 {¶ 15} In the present case, the evidence was uncontroverted that appellant left the store with the cigarettes belonging to Giant Eagle, without the store's consent. Thus, the disputed elements focus on appellant's intent to deprive the store of its merchandise.
 {¶ 16} "Intent or purpose of an act is not subject to direct evidence because it is seldom possible to determine the exact condition of someone's mind. Inten[t] must be determined from inferences drawn from direct fact." Daytonv. Davidson (Dec. 9, 1985), 2nd Dist. No. 9065. "Intent can be established by circumstantial evidence. Intent must be ascertained from the surrounding facts and circumstances in the case."State v. Wilson (Feb. 25, 1988), 8th Dist. No. 53551, citing State v.Johnson (1978), 56 Ohio St.2d 35. The surrounding facts and circumstances in the present case do not establish intent beyond a reasonable doubt.
 {¶ 17} The security guard testified that she saw appellant put the cigarettes in her cart, followed appellant around while she finished her shopping, and watched her check out and leave the store without paying for the cigarettes.
 {¶ 18} Appellant testified that she had shopped at that particular Giant Eagle location twice a week for the past twenty-five years. Appellant stated that, on the day the incident occurred, she followed her normal shopping routine. She testified that she picked up a store circular as she entered the store and went to get cigarettes. Appellant stated that she placed the cigarettes as well as her wallet, keys, and the store circular in the child compartment of the grocery cart. Appellant testified that she completed her shopping and proceeded to the cash register to pay for her groceries. Appellant stated that the store was busy that day and she was trying to hurry so as not to hold up the line. Appellant testified that the person bagging her groceries placed two bags on top of the store circular which was on top of the cigarettes. Appellant testified that after paying for what she thought was all of the items in her cart, she stopped immediately in front of the double doors at Giant Eagle to check her receipt.
 {¶ 19} A review of the record reveals the following. When approached by the security guard, appellant fully cooperated. She denied intentionally taking the cigarettes from the store, and offered to pay for them. When the security guard retrieved the cigarettes, they were still in the child compartment of the grocery cart. Appellant did not attempt to conceal the cigarettes on her person. In addition, appellant did not attempt to flee the premises either after she paid for her groceries or when she was approached by the security guard. Instead, appellant stopped right outside of the doors going into the store to examine her receipt.
 {¶ 20} With regard to appellant's refusal to sign the civil demand order, this Court finds that it was not unreasonable for appellant to decline to sign the order given the fact that she did not have her eyeglasses and, therefore, could not read the form. This Court notes that the security guard and police officer who came to Giant Eagle both denied appellant's request to call someone who could read the civil demand to her.
 {¶ 21} Given the above facts, this Court finds that appellant's conviction was against the manifest weight of the evidence.
 III. {¶ 22} Appellant's two assignments of error are sustained. The decision of the Cuyahoga Falls Municipal Court is reversed.
Judgment reversed.
Whitmore, J. and Batchelder, J., concur.