[Cite as *Stow v. Paster*, 2012-Ohio-2746.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| CITY OF STOW | | C.A. No. 25966 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| KIMBERLY M. PASTER | | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. 2011 CRB 0227 |

DECISION AND JOURNAL ENTRY

Dated: June 20, 2012

MOORE, Judge.

{¶1} Appellant, Kimberly Paster, appeals from the judgment of the Stow Municipal Court. This Court affirms.

I.

{¶2} On January 26, 2011, Paster was shopping at a Wal-Mart in Stow, Ohio. After using the self-checkout register to purchase certain items in her cart, Paster approached the exit doors, where she was detained by the store's asset protection employees due to her failure to pay for certain items in the cart. Paster was charged with petty theft in violation of Stow City Ordinance ("S.C.O.") 545.05(A)(1).

{¶3} After a bench trial, the trial court found her guilty of theft and sentenced her to a suspended 180-day term of incarceration and imposed a fine. Paster timely filed a notice of appeal and raises two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED BY DENYING [PASTER]'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL AS THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN THE CONVICTION.

{¶4} In her first assignment of error, Paster argues that her conviction was not supported by sufficient evidence. We do not agree.

{¶5} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." The issue of whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production. *Id.* at 390 (Cook, J. concurring). In making this determination, an appellate court must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶6} Paster was convicted of petty theft in violation of S.C.O. 545.05(A)(1), which provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent." In this case, Paster has limited her challenge

to whether the State proved that she acted with the purpose of depriving Wal-Mart of the items. We will limit our discussion accordingly.

{¶7} Intent need not be proved by direct evidence. *State v. Elwell*, 9th Dist. No. 06CA008923, 2007–Ohio–3122, ¶ 26. This is because, "[n]ot being ascertainable by the exercise of any or all of the senses, [intent] can never be proved by the direct testimony of a third person, and it need not be. It must be gathered from the surrounding facts and circumstances[.]" *In re Washington*, 81 Ohio St.3d 337, 340 (1998), quoting *State v. Huffman*, 131 Ohio St. 27 (1936), paragraph four of the syllabus. "Furthermore, if the State relies on circumstantial evidence to prove any essential element of an offense, it is not necessary for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction." (Internal citations and quotations omitted.) *State v. Tran*, 9th Dist. No. 22911, 2006–Ohio–4349, ¶ 13. Circumstantial evidence has the same probative value as direct evidence. *See Jenks* at paragraph one of the syllabus.

{¶8} At trial the State presented the testimony of Zachary Sandoval, an asset protection employee at the Stow Wal-Mart, and of Officer Brian Haddix of the City of Stow Police Department. Sandoval testified that, on January 26, 2011, he was working at Wal-Mart and received a telephone call from another asset protection associate who requested his assistance as a witness in a stop she was planning to make on Paster, who was shopping in the store. Sandoval then began watching Paster, who was placing merchandise inside a 20-gallon Rubbermaid container that was in her shopping cart. After she put the items in the container, she covered the container with coats, which were also store merchandise. Paster then proceeded to the self-checkout. After waiting in line at the self-checkout, Paster scanned items that were outside of the Rubbermaid container, and purchased those items which cost approximately $50 in total.

Paster did not touch any items that were in the container or the coats that covered it. Paster then proceeded past all points of sale and out the first set of exit doors onto a portico, where Sandoval and another store associate stopped her. Sandoval and the other Wal-Mart employee led Paster into the store office, and the other associate spoke with Paster as Sandoval began totaling the value of the merchandise that was in the container. Those items included children's clothing, toys, and backpacks and amounted to over $400 in merchandise. Paster stated that she forgot to pay for the items in the container.

{¶9} Officer Haddix testified that, on the day at issue, he was called to the Wal-Mart in Stow regarding a shoplifting incident. When he arrived, he spoke with Paster who stated that she had forgotten to pay for the items in the container because she was on medication due to a pulled tooth and was not thinking clearly.

{¶10} Based upon the evidence provided by the State, Paster argues that there was no evidence demonstrating that she intended to deprive Wal-Mart of the property without paying. However, her intent to deprive Wal-Mart of the items in the container can be inferred from the surrounding facts and circumstances when viewing the evidence in the light most favorable to the State. It is undisputed that Paster was organizing items in the container, which she then covered with coats. She waited in line to utilize the self-checkout register, where she paid for only $50 in items, leaving more than $400 of items unpaid for, and proceeded to the exit doors. Further, the container which stored the items held a capacity of 20 gallons and left little space unoccupied in the cart.

{¶11} Viewed in the light most favorable to the State, sufficient evidence existed from which a reasonable trier of fact could determine that Paster acted with the intent to deprive Wal-Mart of its property. Accordingly, Paster's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶12}** In her second assignment of error, Paster contends that her petty theft conviction was against the manifest weight of the evidence. We do not agree.

**{¶13}** When a defendant asserts that her conviction is against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). In making this determination, this Court is mindful that "[e]valuating evidence and assessing credibility are primarily for the trier of fact." *State v. Shue*, 97 Ohio App.3d 459, 466 (9th Dist.1994), citing *Ostendorf-Morris Co. v. Slyman*, 6 Ohio App.3d 46, 47 (8th Dist.1982) and *Crull v. Maple Park Body Shop*, 36 Ohio App.3d 153, 154 (12th Dist.1987).

**{¶14}** In her merit brief, Paster again limits her second assignment of error to challenging the evidence in respect to her intent to deprive Wal-Mart of the property. Accordingly, we will again limit our discussion to that element of the offense.

**{¶15}** At trial, Paster testified on her own behalf. She stated that, on the day at issue, she was at Wal-Mart purchasing items primarily for a birthday party. Her cart was getting full, and she began placing items in a Rubbermaid container that she was planning to purchase. While shopping, she received a text message from her cellphone provider that her bill was due. She decided that she would purchase some of her items, and take the items in the container to the customer service desk to request that the store place these items on hold so that she would not

have to again retrieve each of the items when she returned to purchase them. After going through the self-checkout lane, Paster stopped near the cart return area of the store and put on her coat and began to look for her keys in her purse. While trying to locate her keys from her purse, Paster was distracted by a shopper who had purchased a crockpot, which reminded her that she also needed to replace her crockpot. After locating her keys, Paster forgot about taking the Rubbermaid container to customer service and proceeded toward the exit doors. Prior to reaching the doors, store personnel stopped her and asked her if she had paid for all of her items. Paster then remembered the container, and responded, "Oh, no," and said that she had "to take the storage bin over to customer service[.]" She apologized. Although Paster immediately offered to return or pay for the items, the store employee took her by her arm and told her to come with her. Paster further testified that she was taking painkillers at that time because of a dental procedure.

{¶16} On cross-examination, Sandoval confirmed that Paster did not hurry out of the store, but he stated that her departure from the store was within seconds after checking out, as the self-checkout lane is located very near to the exit doors. Sandoval further identified two pictures submitted by the defense. The first picture displays the exit at the store, which indicates that one could walk past, but not through, the first set of exit doors in order to visit the customer service department. The other photograph displayed Paster's cart. In this photograph, Sandoval confirmed that there were items which were not paid for which were not located inside of the Rubbermaid container, including a multipack of bottled water on the bottom of the cart, and stationary supplies behind the container. Sandoval further confirmed that Paster was fully cooperative after store personnel stopped her.

{¶17} In her merit brief, Paster relies heavily upon our holding in *Cuyahoga Falls v. Ellenberger*, 9th Dist. No. 21461, 2003-Ohio-6578, in arguing that her conviction was against the manifest weight of the evidence. However, *Ellenberger* is distinguishable on its facts. There, the appellant left a grocery store after purchasing groceries, but without paying for a pack of cigarettes that was located underneath a store circular in her cart. She was convicted of petty theft and we reversed the conviction on appeal. In that case, we determined that the surrounding facts and circumstances did not establish intent to deprive the grocery store of the cigarettes without purchasing them. Here, in contrast, intent can be inferred from a combination of factors. Paster was placing items in the large container, which she then covered with coats. She waited in line to utilize the self-checkout register, where she purchased only $50 in items, leaving more than $400 worth of items unpaid for. The trier of fact could have reasonably concluded that she used the coats to conceal the items in the plastic container. Whereas in *Ellenberger*, the single pack of cigarettes was not visible under the store circular, in this case the brightly colored 20 gallon container nearly filled the shopping cart and thus would have been impossible to overlook.

{¶18} We are mindful of occasions where one might inadvertently overlook an item at check out. This is not that case. Further, even though this Court may have reached a different conclusion as to Paster's intent, clearly "[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Thompkins*, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). *See also State v. Morgan*, 9th Dist. No. 22848, 2006-Ohio-3921, ¶ 35. Even though Paster testified that it was not her intention to leave the store without paying for the items, there was countervailing circumstantial evidence that supported an inference to the

contrary. We have repeatedly held that "[a] conviction is not against the manifest weight because the [trier of fact] chose to credit the State's version of events." *State v. Peasley*, 9th District No. 25062, 2010-Ohio-4333, ¶ 18, citing *Morgan* at ¶ 35. After reviewing the entire record, weighing the inferences and examining the credibility of witnesses, we cannot say that this is an exceptional case where the evidence weighed heavily against the petty theft conviction.

### III.

**{¶19}** Accordingly, Paster's first and second assignments of error are overruled, and the judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

MARTHA HOM, Attorney at Law, for Appellant.

AMBER E. KEREK, Assistant Law Director, for Appellee.