[Cite as *State v. Poore*, 2014-Ohio-3089.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 13CA0034 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| | WAYNE COUNTY MUNICIPAL COURT |
| JAMIE C. POORE | COUNTY OF WAYNE, OHIO |
| | CASE No. CRB-12-12-01789 |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: July 14, 2014

MOORE, Judge.

{¶1} Defendant, Jamie Poore, appeals from her conviction in the Wayne County Municipal Court. We affirm.

I.

{¶2} In 2012, Ms. Poore was charged with petty theft stemming from allegations that she and her sister were shoplifting at a Kmart department store. Ms. Poore pleaded not guilty to the charges, and the case proceeded to a bench trial. The trial court found Ms. Poore guilty and entered sentence. Ms. Poore timely appealed, and she now raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE EVIDENCE IS INSUFFICIENT TO SUSTAIN A FINDING OF GUILTY AND AS A RESULT THE FEDERAL CONSTITUTION AND OHIO CONSTITUTION REQUIRE THE CONVICT[ION] TO BE REVERSED WITH PREJUDICE TO BAR FURTHER PROSECUTION[.]

{¶3}   In her sole assignment of error, Ms. Poore maintains that her conviction was not supported by sufficient evidence. We disagree.

{¶4}   The issue of whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production. *Id.* at 390 (Cook, J. concurring). In making this determination, an appellate court must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. Circumstantial evidence has the same probative value as direct evidence. *See id.* at paragraph one of the syllabus.

{¶5}   Here, Ms. Poore was convicted of petty theft in violation of R.C. 2913.02(A)(1), which provides, "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent[.]"

{¶6}   At trial, Sergeant Kristopher Conwill of the Wooster Police Department testified on behalf of the State. Sergeant Conwill testified that, on November 21, 2012, he was dispatched to Kmart in Wooster regarding a shoplifting incident. When he arrived, store personnel showed him security camera footage of two female suspects: Ms. Poore, and her seventeen-year-old sister, K.A. The video was introduced into evidence. In the footage, Ms. Poore and K.A. are

seen walking through the store with Ms. Poore stopping at clothing racks. K.A. walks with her, carrying a large black handbag. Ms. Poore then takes clothing items off of their hangers, and hands the items to K.A., discarding the hangers on other racks. Both Ms. Poore and K.A. can be seen looking around the store as they remove the items from hangers and ball them up. At one point, K.A. is seen making downward motions with her hands. When she briefly reappears from behind the rack, for the first time, she puts the black bag over her shoulder as opposed to having it dangle from her elbow as she previously did. Up until this point, K.A. and Ms. Poore are within a few feet of one another. K.A. then ducks behind a clothing rack, and is not visible in the footage, as Ms. Poore walks away from K.A. Ms. Poore is then seen walking briskly at such a pace that she almost runs into a gentleman who has to move out of her way. Later, K.A. is seen walking past all points of sale through the first of a set of two exit doors, where she is stopped by store security officers, who confiscate the black bag. K.A. then cannot be seen on the footage until a few minutes later, when she is seen walking with Ms. Poore toward the exit doors. As they are headed toward the exit, K.A. runs out of the store. The security officer approaches Ms. Poore, who continues to walk out the exit doors.

{¶7} Sergeant Conwill further testified that, through the course of his investigation, he learned that the black bag confiscated by store security contained the clothing items that Ms. Poore handed K.A. in the store.

{¶8} The sergeant also testified that, after watching the video, he recognized K.A., and went to her house. On his way, he saw K.A. walking on the road, and he stopped and spoke with her. "She did acknowledge that * * * she was at Kmart with her sister and that they were

stealing items."[1] The officer then drove K.A. back to her house, and when they arrived, Ms. Poore was standing on the porch. K.A. ran into the house, and they were in the house a short time together before coming back out and giving the sergeant and his partner statements. Ms. Poore maintained that she didn't steal anything, and that K.A. "told her to take the clothes off the hanger that the clerk does it anyway[.]" Ms. Poore further maintained that there could not have been a theft because neither of them left the store with merchandise. According to the officer, Ms. Poore acknowledged the items within her sister's purse but was "taking the position that she was upset that her sister would steal."

{¶9} On appeal, Ms. Poore argues that her conviction was based upon speculation because there is no evidence from which a reasonable fact-finder could infer that she participated in K.A.'s petty theft. Essentially, Ms. Poore argues that there is no evidence that she intended to deprive Kmart of its property. However, pursuant to Sergeant Conwill's testimony, K.A. acknowledged that both sisters were "stealing" from Kmart. Further, in the video, it is undisputed that Ms. Poore and K.A. walked very near each other in the store, engaging in conversation, as Ms. Poore took the clothes off of the hangers, and handed them to K.A. who balled the clothing up and held it under her arm. Neither woman had a shopping cart in which to place the items, and it was clear that K.A. was carrying a large black bag. There is no dispute

---

[1] There was no objection to the sergeant making this statement on direct examination. However, Ms. Poore testified in her own defense that she did not intend to steal any items from Kmart. In its rebuttal case, the State recalled Sergeant Conwill to testify as to K.A.'s statement made to him. The defense objected, and the trial court sustained the objection on the basis of hearsay. Therefore, although the trial court later refused to permit testimony of K.A.'s statements through the officer, the statement that the sisters were engaged in stealing items was adduced at trial during the State's case-in-chief, was unchallenged at trial and on appeal, and is properly considered in a review of the sufficiency of the evidence. *State v. Denny*, 9th Dist. Wayne No. 08CA0051, 2009-Ohio-3925, ¶ 15. ("[W]e must review the sufficiency challenge in consideration of all evidence presented by the State-whether it was properly admitted or not." (Citing *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, ¶ 19, and *Lockhart v. Nelson*, 488 U.S. 33, 34 (1988)).

that K.A. ultimately concealed these clothes in her handbag, and attempted to leave the store with these items. Further, the videotape shows Ms. Poore standing directly beside K.A. as she appears to stuff the merchandise into the black bag. The circumstantial evidence here, including the proximity of the sisters to one another, their ongoing conversation as they moved through the clothing racks, their looking around the store as they removed the items from hangers, Ms. Poore's actions of taking the clothes off of the hangers and handing them to her sister, who was carrying the large black bag, and Ms. Poore's hasty departure from her sister, when viewed in a light most favorable to the State, provides sufficient circumstantial evidence to support Ms. Poore's intent to deprive Kmart of its property. *See Stow v. Paster*, 9th Dist. Summit No. 25966, 2012-Ohio-2746, ¶ 10 (reviewing circumstantial evidence of intent to deprive store of its property). Accordingly, Ms. Poore's assignment of error is overruled.

III.

**{¶10}** Ms. Poore's sole assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

WESLEY JOHNSTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.