[Cite as *State v. Kareski*, 2012-Ohio-2173.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25705 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| MATTHEW KARESKI | AKRON MUNICIPAL COURT |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 10 CRB 09436 |

DECISION AND JOURNAL ENTRY

Dated: May 16, 2012

CARR, Judge.

{¶1} Appellant, Matthew Kareski, appeals his conviction in the Akron Municipal Court. This Court affirms in part and reverses in part.

I.

{¶2} Kareski tends bar at the Rubber City Grille in Akron. On August 19, 2010, an underage employee of the Ohio Department of Public Safety entered the bar and ordered a Bud Lite from Kareski. As a result of the transaction, Kareski was charged with selling beer to an underage person in violation of R.C. 4301.69(A). During the trial, the trial court excluded the State's chemical analysis of the contents of the Bud Lite bottle because the person who prepared the report was not available to testify. Over Kareski's objection, however, the trial court took judicial notice that Bud Lite is beer.

{¶3} Kareski moved for a judgment of acquittal under Crim.R. 29 at the close of the State's case and again after the jury returned a guilty verdict, arguing that the State failed to

prove that the substance in the bottle was "beer," as defined by R.C. 4301.01(B)(2), and that even if it was, the State did not prove that a "sale" occurred under R.C. 4301.01(A)(2) and R.C. 4301.69(A). The trial court denied the motion, sentenced Kareski to a suspended jail term of sixty days, and fined him $150. Kareski appealed, and his three assignments of error have been rearranged for purposes of discussion.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ANNOUNCING TO THE JURY THAT AN ELEMENT OF THE OFFENSE HAD BEEN SATISFIED.

{¶4} Kareski's first assignment of error is that the trial court incorrectly took judicial notice that Bud Lite is "beer," as defined by R.C. 4301.01(B)(2). We agree.

{¶5} Under Evid.R. 201, a court may take judicial notice of an adjudicative fact when it is "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). Judicial notice is improper when a fact is subject to reasonable dispute. *See Pieper v. Williams*, 6th Dist. No. L-05-1065, 2006-Ohio-1866, ¶ 40. A trial court cannot take judicial notice of the elements of an offense. *State v. Shaw*, 7th Dist. No. 03 JE 14, 2004-Ohio-5121, ¶ 55. When a court takes judicial notice in a criminal case, the jury must be instructed "that it may, but is not required to, accept as conclusive any fact judicially noticed." Evid.R. 201(G).

{¶6} When a term is specifically defined by the Ohio Revised Code in conjunction with an offense, a trial court errs by taking judicial notice that the applicability of the definition has been proved. *See id*. at ¶ 41-55 (concluding that the trial court erred by taking judicial notice that a facility fell under the definition of a "school" for purposes of R.C. 2925.01, despite the fact

that the parties referred to it as such, when the State did not offer any evidence related to the definition.). R.C. 4301.01(B)(2) provides a technical definition of "beer" for purposes of R.C. 4301.69(A), defining the term as "all beverages brewed or fermented wholly or in part from malt products and containing one-half of one per cent or more, but not more than twelve per cent, of alcohol by volume."

{¶7} In this case, the trial court erred with respect to judicial notice in two ways. First, regardless of the fact that the parties referred to beer in a general sense throughout the course of the trial, R.C. 4301.01(B)(2) defines the term with precision, and it was error for the trial court to take judicial notice that the definition – which is also an element of the offense – had been satisfied. Although we would agree that it is generally known throughout the trial court's territorial jurisdiction that Bud Lite is beer, within the common, everyday understanding of that term, we cannot agree that it is generally known whether it contains between one-half of one percent and twelve percent alcohol by volume. R.C. 4301.01(B)(2) requires just such precision. The trial court compounded its error by failing to instruct the jury, as required by Evid.R. 201(G), that it could, but was not required to, accept the fact judicially noticed.

{¶8} Some courts have concluded that a trial court may take judicial knowledge of "beer or intoxicating liquor" under R.C. 4301.69(A). *See*, *e.g.*, *Cleveland v. Husain*, 8th Dist. No. 49161, 1985 WL 9030, *1 fn.3 (May 23, 1985) (concluding that the alcohol content in excess of the statutory minimum for beer was "judicially noticeable."); *Mazzeo v. Bd. of Liquor Control*, 73 Ohio Law Abs. 94 (10th Dist.1955) ("[I]in this state wine has such a reputation by way of common knowledge of being an intoxicating beverage that the Court will take judicial notice of the same in addition to the legal definition defining it to be such a beverage."); *State v. Aiken*, 121 Ohio Misc.2d 7, 2002-Ohio-6436, ¶ 19-24 (M.C.). *But see State v. Brophy*, 12th

Dist. Nos. 83-01-005, 83-01-006, 83-01-007, 1983 WL 4388, *2 (June 8, 1983) (refusing to take judicial notice that whiskey is an intoxicating liquor). The focus in these cases, however, is primarily the sufficiency of the evidence, and the analysis of judicial notice is frequently contained within and dependent on that discussion. *See*, *e.g.*, *Aiken* at ¶ 16-23 (concluding that judicial notice could be taken that rum is an "intoxicating liquor," but comingling that analysis with discussion of circumstantial evidence of the effects of the beverage on the person who consumed it.). Whether judicial notice can be taken in the first instance and whether a conviction is based on insufficient evidence, however, are separate questions.

{¶9} The trial court erred by taking judicial notice that Bud Lite is "beer" as defined by R.C. 4301.01(B)(2) and by failing to instruct the jury as required by Evid.R. 201(G). Kareski's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL, PURSUANT TO CRIM.R. 29.

## ASSIGNMENT OF ERROR III

THE EVIDENCE PRESENTED BY THE STATE WAS INSUFFICIENT TO CONVICT APPELLANT BEYOND A REASONABLE DOUBT FOR THE SALE OF BEER TO AN UNDERAGE PERSON, DENYING HIM HIS LIBERTY WITHOUT DUE PROCESS OF LAW.

{¶10} Kareski's second and third assignments of error argue that his conviction for selling beer to an underage person is based on insufficient evidence. Specifically, Kareski has argued that the State produced insufficient evidence that there was a sale of beer within the meaning of R.C. 4301.01(A)(2) and R.C. 4301.69(A). We disagree.

{¶11} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. No. 24731, 2009–Ohio–6955, ¶ 18,

citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The State's evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶12} Consequently, when the State relies on an erroneous trial court ruling in the presentation of evidence and rests, having presented sufficient evidence to support a conviction, double jeopardy does not bar retrial. *See State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, ¶ 24-25. In that instance,

> [i]f the evidence offered by the State is received after challenge and is legally sufficient to establish the guilt of the accused, the State is not obligated to go further and adduce additional evidence that would be, for example, cumulative. Were it otherwise, the State, to be secure, would have to assume every ruling by the trial court on the evidence to be erroneous and marshall and offer every bit of relevant and competent evidence. The practical consequences of this would adversely affect the administration of justice, if for no other reason, by the time which would be required for preparation and trial of every case.

*Id.* at ¶ 19, quoting *State v. Wood*, 596 S.W.2d 394, 398-399 (Mo.1980). The converse is also true: "the State is not entitled to retry a criminal defendant after reversal for trial court error if the State failed in the first instance to present sufficient evidence." *State v. Denny*, 9th Dist. No. 08CA0051, 2009-Ohio-3925, ¶ 12, citing *Brewer* at ¶ 18. Thus, even if the only evidence with respect to an element of the offense was improperly admitted by the trial court, it should be considered when evaluating the sufficiency of the evidence on appeal. *See Brewer* at ¶ 7, 24.

{¶13} In this case, the trial court erred by taking judicial notice that "beer," as defined by R.C. 4301.01(B)(2), was involved in the transaction at issue. That decision constituted trial

error, and this Court's reversal on that point reflects "a determination that [the] defendant has been convicted through a judicial process which is defective in some fundamental respect[.]" *Burks v. U.S.*, 437 U.S. 1, 15. "When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished." *Id.* As long as there was sufficient evidence supporting Kareski's conviction with consideration of the judicial notice given by the trial court, we will not reverse his conviction for insufficient evidence, and our reversal for trial error does not bar retrial. *See Lockhart v. Nelson*, 488 U.S. 33, 41-42 (1988); *Brewer*, 121 Ohio St.3d at syllabus. Consequently, although it was error for the trial court to take judicial notice that Bud Lite is beer within the meaning of the statute, we nonetheless consider the judicially noticed element in our sufficiency analysis and conclude that, as in *Brewer*, the evidence underlying Kareski's conviction was sufficient to establish that the substance at issue was beer.

{¶14} Kareski has also argued that his conviction should be reversed because there was insufficient evidence of a sale. A "sale" of beer includes "exchange, barter, gift, offer for sale, sale, distribution and delivery of any kind, and the transfer of title or possession of beer[.]" R.C. 4301.01(A)(2). In this case, the confidential informant testified that he ordered a bottle of Bud Lite from Kareski and paid for the purchase. He recalled that Kareski gave him an open bottle of Bud Lite, placing it "in front of me as if I was going to drink it," within easy reach. Although the confidential informant could not recall whether he touched the bottle or not, he testified that he "may have." Viewing this evidence in the light most favorable to the State, as this Court must in considering the sufficiency of the evidence, the jury could reasonably conclude that a sale occurred.

{¶15} Kareski's second and third assignments of error are overruled.

III.

{¶16} Kareski's second and third assignments of error are overruled. His first assignment of error is sustained. The judgment of the Akron Municipal Court is, therefore, reversed. This case is remanded to the trial court for a new trial in light of our disposition.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

DICKINSON, J.
CONCURS.

BELFANCE, P. J.
<u>CONCURS IN JUDGMENT ONLY.</u>

<u>APPEARANCES:</u>

JACK MORRISON, JR., THOMAS R. HOULIHAN, and SCOTT E. MULLANEY, Attorneys at Law, for Appellant.

CHERRI CUNNINGHAM, Director of Law, DOUGLAS J. POWLEY, Chief City Prosecutor, and CARA C. KENNERLY-FORD, Assistant City Prosecutor, for Appellee.