THE STATE OF OHIO, APPELLEE, *v.* KARESKI, APPELLANT.

[Cite as *State v. Kareski,* 137 Ohio St.3d 92, 2013-Ohio-4008.]

*Criminal law—Evidence—Trial-court error in taking judicial notice of essential fact—Appellate review—Effect of error on appellate court's review of sufficiency of evidence for purposes of determining whether retrial is permissible under Double Jeopardy Clause—When erroneous judicial notice fills gap created by prosecution's failure to prove essential element, judicially noticed fact may not be considered to determine whether sufficient evidence exists to permit retrial.*

(No. 2012-1242—Submitted April 24, 2013—Decided September 19, 2013.)

APPEAL from the Court of Appeals for Summit County, No. 25705, 2012-Ohio-2173.

_____

**PFEIFER, J**.

**{¶ 1}** In this case, we address the implications of a trial court's error in taking judicial notice of a fact when that error results in the reversal of a conviction. Specifically, we determine whether the fact that the court erroneously judicially noticed can be considered as evidence by the appellate court in deciding whether sufficient evidence exists such that retrial is permissible under the Double Jeopardy Clauses of the Ohio and United States Constitutions. We hold that the fact that was judicially noticed in error in this case should not have been considered evidence as part of the appellate court's sufficiency analysis.

Factual and Procedural Background

**{¶ 2}** A confidential informant and two Ohio Department of Public Safety ("ODPS") agents walk into a bar. The bar, the Rubber City Grille, is in Akron, and defendant-appellant Matthew Kareski was bartending there on the

evening of August 19, 2010. Mychael Kimbel, the confidential informant, was a 19-year-old employee of the ODPS.

{¶ 3} Kimbel approached the bar and asked Kareski for a Bud Light. Kareski told Kimbel the price, grabbed a bottle of Bud Light, opened it, and placed it before Kimbel. Kareski testified that he then noticed that Kimbel's hands did not have the stamp showing that he had provided proof of his age at the door. He told Kimbel that he could not give him the beer until he showed proper age identification. At that moment, Kimbel pretended that a call was coming in on his cell phone. He passed the money to Kareski, said he would return with identification, and walked away from the bar without the beer.

{¶ 4} Kareski was charged with violating R.C. 4301.69(A), which prohibits the sale of beer to an underage person. R.C. 4301.01(B)(2) contains the statutory definition of beer, defining it as "all beverages brewed or fermented wholly or in part from malt products and containing one-half of one per cent or more, but not more than twelve per cent, of alcohol by volume."

{¶ 5} ODPS Agent Keenan Reese had watched the transaction and retrieved the opened Bud Light as evidence. He sent a sample of the contents of the bottle to a state lab to be analyzed, and a report was generated.

{¶ 6} At Kareski's trial, however, the state had difficulty proving that what Kareski had sold to Kimbel was, in fact, beer as defined by statute. The particular bottle's label itself did not disclose an alcohol content; a portion of the label was covered or obscured by the state's evidence label, but it is unclear whether the bottle stated an alcohol content at all.

{¶ 7} Kareski objected to the admission of the lab report regarding the contents of the bottle on the basis that no foundational witness testified as to its contents and that the report was hearsay and not properly authenticated. The court took the matter under advisement, and after some research, concluded, "I don't think the report comes in. I think that I can take judicial notice that beer is

an intoxicating liquor." After further discussion, the state asked, "Is the court taking judicial notice that Bud Lite [sic] is beer?" The judge responded, "I'll do that, but it seems to me the argument is going to be was there any testimony about what percentage of alcohol it contained." When the jury returned, the judge stated to the jury, "I will take judicial notice that Bud Light is in fact beer." The state then rested its case.

{¶ 8} The jury found Kareski guilty of a violation of R.C. 4301.69. Kareski appealed, arguing that the trial court had erred in taking judicial notice that Bud Light is beer pursuant to R.C. 4301.01(B)(2), that is, that it is a malt product containing "one-half of one per cent or more, but not more than twelve per cent, of alcohol by volume." The Ninth District Court of Appeals agreed and reversed the conviction. *State v. Kareski,* 9th Dist. Summit No. 25705, 2012-Ohio-2173. The court held that the trial court should not have taken judicial notice of an element of the crime Kareski was charged with; further, it held that the court erred in taking judicial notice of a fact—the alcohol content by volume of Bud Light—that was not something that was "generally known." Evid.R. 201(B). The state did not appeal that decision.

{¶ 9} The issue before us is whether, given the trial court's error, the appellate court properly ordered a new trial. In particular, we must determine whether the fact that the trial court judicially noticed in error should have been considered as evidence in the appellate court's determination of whether there was sufficient evidence against Kareski to allow a retrial. Citing this court's holding in *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, the court of appeals held that although the taking of judicial notice of an element of an offense was trial error, a reviewing court may consider the fact of which judicial notice was taken when determining the sufficiency of the evidence against the defendant. 2012-Ohio-2173, ¶ 12-13. Using this approach, the court

found that the evidence was sufficient to sustain the conviction and that therefore double jeopardy did not bar retrial.

{¶ 10} Kareski filed an application for reconsideration in the court of appeals, requesting that the appellate court apply this court's decision in *State v. Lovejoy*, 79 Ohio St.3d 440, 683 N.E.2d 1112 (1997), a case involving a trial court's error in taking judicial notice. Kareski argued that because the trial court took judicial notice of an element of the offense in error, the absence of any evidence on that element meant that retrial was barred by the Double Jeopardy Clauses of the United States Constitution and the Ohio Constitution. The appellate court denied Kareski's motion for reconsideration.

{¶ 11} Kareski has appealed to this court, arguing that his case should not have been remanded to the trial court for retrial. He alleges that the appellate court erred in its determination of whether the state had offered sufficient evidence to convict him at trial. Specifically, he argues that the appellate court should not have included within its sufficiency consideration the information regarding the alcohol content of Bud Light that the trial court had judicially noticed in error.

{¶ 12} The cause is before this court upon the acceptance of a discretionary appeal. *State v. Kareski*, 133 Ohio St.3d 1422, 2012-Ohio-4902, 976 N.E.2d 913.

Law and Analysis

{¶ 13} The issue before us is how an appellate court should treat a trial court's judicial-notice error when analyzing the sufficiency of the evidence to determine whether the case should be remanded for retrial after reversal. Our analysis hinges on whether this case is a *Brewer* case or a *Lovejoy* case.

{¶ 14} The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution protect criminal defendants against multiple prosecutions for the same offense.

4

However, a retrial of a defendant after the reversal of a conviction does not necessarily constitute a double-jeopardy violation. In general, if the reversal is based on an error that occurred at trial, a retrial is appropriate. *Lockhart v. Nelson,* 488 U.S. 33, 38, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). If, on the other hand, the appellate court's reversal is based upon an insufficiency of the evidence, a retrial violates double jeopardy. *Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). The United States Supreme Court has explained the distinction for double-jeopardy purposes between reversals based on insufficiency of the evidence and those based upon trial errors:

> While the former is in effect a finding "that the government has failed to prove its case" against the defendant, the latter "implies nothing with respect to the guilt or innocence of the defendant," but is simply "a determination that [he] has been convicted through a judicial *process* which is defective in some fundamental respect."

(Emphasis sic.) *Lockhart* at 40, quoting *Burks* at 15.

{¶ 15} In *Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, this court considered the intersection of defective process and insufficient evidence, that is, whether an appellate court should include in its sufficiency determination evidence that had been admitted in error at trial. *Brewer* cited the United States Supreme Court's decision in *Lockhart* in holding that the wrongly admitted evidence could still be relied upon by a reviewing court to determine the sufficiency of the evidence:

> As the United States Supreme Court held in *Lockhart*, we hold that when evidence admitted at trial is sufficient to support a conviction, but on appeal, some of that evidence is determined to

have been improperly admitted, the Double Jeopardy Clauses of the United States and Ohio Constitutions will not bar retrial. *Lockhart v. Nelson*, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265.

*Brewer* at ¶ 25.

{¶ 16} An important philosophical underpinning of *Brewer* is that the state relies upon a trial court's evidentiary rulings in the presentation of its case:

"If the evidence offered by the State is received after challenge and is legally sufficient to establish the guilt of the accused, the State is not obligated to go further and adduce additional evidence that would be, for example, cumulative. Were it otherwise, the State, to be secure, would have to assume every ruling by the trial court on the evidence to be erroneous and marshall and offer every bit of relevant and competent evidence. The practical consequences of this would adversely affect the administration of justice, if for no other reason, by the time which would be required for preparation and trial of every case." *State v. Wood* (Mo.1980), 596 S.W.2d 394, 398-399; *State v. Gray* (1986), 200 Conn. 523, 538, 512 A.2d 217. Thus, retrial grants the state "one full and fair opportunity" to present its evidence to the jury free from error. See [*Arizona v.*] *Washington*, 434 U.S. [497,] 505, 98 S.Ct. 824, 54 L.Ed.2d 717 [1978].

*Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, at ¶ 19.

{¶ 17} *Lockhart* and *Brewer* both involved a trial court's erroneous admission of evidence offered by the state. The reversals in those cases therefore were due to a fault in procedure rather than a lack of proof. In *State v. Lovejoy*,

6

79 Ohio St.3d 440, 683 N.E.2d 1112, this court considered a case involving a trial court's error in taking judicial notice when the state had failed to offer admissible evidence on an element of the crime. Lovejoy was charged with having a weapon under disability, a charge that includes as a necessary element proof of a prior conviction. The trial court in *Lovejoy* sua sponte reopened the evidence after closing arguments to "take judicial notice of prior proceedings in an earlier case to supply a crucial fact that the state had failed to prove," i.e., the fact of a prior conviction. *Id.* at 449. The appellate court held that the trial court had erred in taking judicial notice, but ruled that the sufficiency of the evidence was moot in light of its disposition of other issues in the appeal, and the state did not appeal that holding. This court held that because judicial notice had been taken in error, the court of appeals should have addressed the issue of the sufficiency of the evidence, "review[ing] the remaining evidence to determine whether it was sufficient to support a conviction." *Id.* at 450. Thus, this court held that the judicial notice of the prior conviction should not be considered by the appellate court in its sufficiency evaluation.

{¶ 18} This court noted that despite the appellate court's ruling that the sufficiency issue was moot, that court had actually resolved the issue by acknowledging that if the trial court had not taken judicial notice of the prior conviction, the documents offered by the state were insufficient to prove that Lovejoy was under a disability. *Id.* That being the case, this court held that the appellate court's remand for a retrial was improper:

> Because the appellate court ruled on the judicial notice issue as it did, the issue of the sufficiency of the evidence was *not* moot. In fact, the sufficiency of the remaining evidence became the *key* issue.

> * * * To simply remand the weapon under disability charge
> for a retrial would give the state a "second bite at the apple" and a
> chance to present evidence it failed to offer at the first trial. * * *
> In this case, the Double Jeopardy Clause applies. In fact, this is
> what the Double Jeopardy Clause was intended to prevent. If the
> state fails to present sufficient evidence to prove every element of
> the crime, it should not get a second opportunity to do that which it
> failed to do the first time.

(Emphasis sic.) *Id.,* 79 Ohio St.3d at 450, 683 N.E.2d 1112.

{¶ 19} This court's decision in *Lovejoy* was consistent with the United States Supreme Court's decision in *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, in which the court held that "the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient" and that "the only 'just' remedy available for that court is the direction of a judgment of acquittal." *Id.* at 18. As the court noted in *Lockhart:*

> *Burks* was based on the view that an appellate court's
> reversal for insufficiency of the evidence is in effect a
> determination that the government's case against the defendant
> was so lacking that the trial court should have entered a judgment
> of acquittal, rather than submitting the case to the jury.

*Lockhart,* 488 U.S. at 39, 109 S.Ct. 285, 102 L.Ed.2d 265, citing *Burks* at 16-17.

{¶ 20} This court did not overrule *Lovejoy* in *Brewer.* *Brewer* acknowledged that the trial court in *Lovejoy* took judicial notice of a prior conviction because of a deficiency of proof offered by the state. 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 22. The trial court's action exposed the

state's failure to prove its case. In *Brewer*, this court compared that case and *Lockhart* to *Lovejoy*:

> [T]his case and *Lockhart* involve a trial court's erroneous admission of evidence presented by the state during its case-in-chief and the state's reliance upon the erroneous evidentiary rulings. In contrast, the facts presented in *State v. Lovejoy*, 79 Ohio St.3d 440, 683 N.E.2d 1112, differ dramatically from those presented here and in *Lockhart*.
>
> In *Lovejoy,* the state did not rely on an erroneous trial court evidentiary ruling, but rather failed to meet its burden of proof to present sufficient evidence to prove the defendant's guilt beyond a reasonable doubt. Recognizing the state's failure, the trial court sua sponte reopened the case to take judicial notice of [a fact] to establish a missing element. * * * Thus, *Lovejoy* is factually distinguishable from *Lockhart* and this case because in *Lovejoy,* the state never relied on an erroneous evidentiary ruling in deciding what evidence to present at trial. Instead, *Lovejoy* involved the prosecution's failure to meet the sufficiency-of-evidence standard.

*Brewer* at ¶ 22.

{¶ 21} Is this case more akin to *Lovejoy* or *Brewer*? We find that it is controlled by *Lovejoy*.

{¶ 22} As in *Lovejoy*, the trial court in this case judicially noticed a factual element of the crime after the prosecution demonstrated an inability to present evidence on that element. The prosecution in this case attempted to submit a report on the testing of the contents of the bottle, but since the report

lacked foundational testimony, the trial court did not allow it to be admitted as evidence. The bottle itself was in the courtroom, but the witness who examined the bottle on the stand was unable to discern any information on the particular label regarding its alcohol content. The state then requested that the trial court take judicial notice that the bottle contained beer as statutorily defined, and the court complied. The state then rested its case.

{¶ 23} As in *Lovejoy*, the trial court filled a gap left by the state in proving its case by taking judicial notice of an essential element and thereby committing error. As in *Lovejoy,* the prosecution cannot claim to have relied on an evidentiary ruling, because there was no ruling that the report or the bottle itself was admissible on which to rely. As in *Lovejoy*, we cannot countenance allowing the state to come to trial unprepared to prove its case only to be rescued by a trial court taking judicial notice of an element the state has failed to prove, and committing error in doing so.

{¶ 24} The court in *Lockhart* held that in conducting a sufficiency review, a reviewing court must consider all the evidence admitted at trial, even improperly admitted evidence: "[W]here the *evidence offered by the State and admitted by the trial court*—whether erroneously or not—would have been sufficient to sustain a guilty verdict, the Double Jeopardy Clause does not preclude retrial." (Emphasis added.) *Lockhart*, 488 U.S. at 34, 109 S.Ct. 285, 102 L.Ed.2d 265.

{¶ 25} But here, the sole evidence offered by the state on the issue of the alcohol content of the beer in question was never admitted. Instead, the trial court saved the state's case by taking judicial notice that the contents of the Bud Light bottle met the statutory definition of "beer." We thus find unavailing any claim by the state that it relied on the trial court's taking of judicial notice; *Brewer*'s concern about forcing the state to offer cumulative evidence on every element rings hollow when the state offered nothing that the trial court deemed admissible.

{¶ 26} Therefore, we conclude that the appellate court erred when it relied upon the trial court's taking of judicial notice of the alcohol content of Bud Light in its review of the sufficiency of the evidence against Kareski and when it remanded the case for retrial. Since there was no evidence admitted on that statutory element of the alcohol content of the substance sold by Kareski to the informant, there was insufficient evidence for a conviction, and the Double Jeopardy Clauses of the Ohio Constitution and the United States Constitution bar a retrial. Accordingly, we vacate Kareski's conviction.

Judgment reversed.

O'DONNELL, KENNEDY, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and LANZINGER, J., concur in judgment and concur separately.

FRENCH, J., dissents.

_____

**LANZINGER, J., concurring in judgment only.**

{¶ 27} I concur in the judgment. I would not, however, simply distinguish, but would overrule *State v. Brewer,* 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284. In cases like this, it is not useful to ask whether retrial may be allowed on grounds of trial error or whether retrial is prohibited by double jeopardy on grounds of insufficiency of the evidence. After all, the state argues that it relied on the court's judicial notice under Evid.R. 201 that Bud Light is beer. The state maintains that this ruling is "trial error" in the admission of evidence. Under *Brewer'*s standard, all evidence, even that improperly admitted, is considered when determining sufficiency of the evidence; therefore, retrial is always possible.

{¶ 28} The *Brewer* majority had accepted the federal rule stated in *Lockhart v. Nelson*, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988), that the Double Jeopardy Clause does not bar retrial when all the evidence admitted by the

trial court is sufficient to support a guilty verdict. Yet, as Chief Justice Moyer pointed out in his dissent in *Brewer*,

> We held [in *State v. Lovejoy*, 79 Ohio St.3d 440, 683 N.E.2d 1112 (1997)] that double-jeopardy principles barred retrial, because retrial under such circumstances [when the trial court sua sponte reopens the evidence to take judicial notice of a fact essential to the state's case] "is what the Double Jeopardy Clause was intended to prevent. If the state fails to present sufficient evidence to prove every element of the crime, it should not get a second opportunity to do that which it failed to do the first time." *Id.* The court of appeals, when reviewing the evidence for sufficiency, was constrained to use only the evidence that was properly admitted; because this evidence was insufficient, principles of double jeopardy barred a new trial. *Id.*

121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, at ¶ 29 (Moyer, C.J., dissenting).

{¶ 29} This court's holding in *Lovejoy* and the U.S. Supreme Court's holding in *Lockhart* thus were in conflict regarding whether evidence that was improperly admitted may be considered when reviewing a sufficiency-of-the-evidence claim. Chief Justice Moyer explained,

> In this instance, pursuant to *Lovejoy*, Ohio's Double Jeopardy Clause would offer greater protection from multiple prosecutions than the federal clause by narrowing the circumstances under which a defendant may be retried when the state fails to prove its case during the first go-around. Although

we have historically found Ohio's Double Jeopardy Clause to be coextensive with its federal counterpart, Ohio's clause is not limited by the federal clause.

*Id.* at ¶ 34 (Moyer, C.J., dissenting). I agree. The state has one fair and full opportunity to be put to its proof against a criminal defendant and should ensure that it satisfies each element of the offense by proof beyond a reasonable doubt to support a conviction. I would clarify the rule by holding that *Brewer* is no longer good law. I concur in judgment reversing Kareski's conviction.

O'CONNOR, C.J., concurs in the foregoing opinion.

————————————

**FRENCH, J., dissenting.**

{¶ 30} I respectfully dissent from the majority's opinion, which I consider to be a departure from settled double-jeopardy principles recognized by the United States Supreme Court and adopted by this court in the context of the Ohio Constitution. By equating a reversal for evidentiary trial error with an acquittal for constitutionally insufficient evidence, the majority's holding runs headlong into a thicket of state and federal constitutional problems and will undoubtedly cause uncertainty and confusion for appellate courts.

{¶ 31} The Fifth Amendment's Double Jeopardy Clause bars retrial following a reversal for insufficiency of the evidence, but not following a reversal for "trial error," such as the "incorrect receipt or rejection of evidence." *Burks v. United States*, 437 U.S. 1, 15, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Unlike a reversal for evidentiary trial error, a reversal for constitutionally insufficient evidence is the equivalent of a trial court's judgment of acquittal at the close of all of the evidence. *Id*. at 16-17. Reversal for insufficiency represents a legal finding that, after viewing the record evidence in a light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶ 32} In *Lockhart v. Nelson*, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988), the United States Supreme Court explained which evidence an appellate court must consider in a sufficiency analysis once it has determined that the conviction should be reversed due to trial error in the admission of evidence. Because a reversal for insufficiency of the evidence "should be treated no differently than a trial court's granting a judgment of acquittal at the close of all the evidence," the court held that an appellate court must consider "all of the evidence admitted by the trial court," whether or not the evidence was erroneously admitted. *Id.* at 41. When the evidentiary insufficiency exists only because of the appellate court's initial conclusion that certain evidence was admitted in error, the reversal is one based on trial error, and a reversal will not bar retrial. *Id.* at 40. In *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, syllabus, this court explicitly "followed" *Lockhart* in the context of the Ohio Constitution. *See also State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 80 (applying the "all evidence" rule established in *Lockhart*).

{¶ 33} I am compelled, under the logic of *Burks*, *Lockhart*, and *Brewer*, to view the reversal in this case as one based on trial error. The evidentiary insufficiency existed only because the court of appeals concluded that the trial court erred in taking judicial notice of an adjudicative fact, i.e., that Bud Light is beer.[1] *See Lockhart* at 40 (finding "trial error" when "the trial court erred in admitting a particular piece of evidence, and without it there was insufficient evidence to support a judgment of conviction"). With that judicially noticed fact, there was sufficient evidence to support Kareski's conviction: the remaining

---

1. The propriety of that conclusion is not before us in this appeal.

evidence proved that Kareski, while bartending, served a bottle of "Bud Light beer" to a 19-year-old. Accordingly, the court of appeals was correct to include the judicially noticed fact in its sufficiency analysis.

{¶ 34} The majority acknowledges that the judicially noticed fact "saved the state's case," majority opinion at ¶ 25, yet it concludes that the court of appeals should have subtracted that fact from its sufficiency analysis. That is precisely what *Lockhart* says not to do. A reviewing court must consider "all of the evidence admitted by the trial court," regardless of whether that evidence was admitted erroneously. *Lockhart*, 488 U.S. at 41, 109 S.Ct. 285, 102 L.Ed.2d 265. Reviewing the "same quantum of evidence" is what "make[s] the analogy complete" between a reversal for insufficiency on the one hand, and the trial court's granting of an acquittal at the close of the evidence on the other. *Id*. at 42. Reviewing the sufficiency of only *some* of the evidence would destroy that analogy, and a finding of insufficiency would not equate to an acquittal for double-jeopardy purposes.

{¶ 35} The majority relies on the "remaining evidence" standard, which this court created, without supporting authority, in *State v. Lovejoy*, 79 Ohio St.3d 440, 450, 683 N.E.2d 1112 (1997). But we cannot apply such a standard for the simple reason that it conflicts with the "all evidence" standard established in *Lockhart*, which is a binding interpretation of the United States Constitution. Our decision in *Lovejoy* did not rely on the Ohio Constitution to support a "remaining evidence" standard. In fact, this court did not directly confront that question until *Brewer*, in which we distinguished *Lovejoy*, but also expressly adopted the *Lockhart* rule in the context of the Ohio Constitution. *Id*. at syllabus. While the concurring opinion calls for an overruling of *Brewer*, which is no more than an adoption of *Lockhart*, I believe that *Brewer* is the only case keeping Ohio on track with the constitutional holdings in *Burks* and *Lockhart*. We have historically treated the Ohio Double Jeopardy Clause as "coextensive" with its federal

counterpart, *State v. Gustafson*, 76 Ohio St.3d 425, 432, 668 N.E.2d 435 (1996), and I see no valid reason to depart from that practice in this case.

{¶ 36} *Lockhart*'s "all evidence" rule is logical, straightforward, and, as a constitutional matter, mandatory. I would affirm the court of appeals' judgment following *Lockhart* and hold that a reversal for an improper judicial notice of fact constitutes a reversal for trial error and that an appellate court must consider the judicially noticed fact in its sufficiency-of-the-evidence analysis. Therefore, I respectfully dissent.

_____

Cheri B. Cunningham, Akron Director of Law, Michael J. Defibaugh, Assistant Director of Law, and Gertrude Wilms, Akron Chief City Prosecutor, for appellee.

Amer Cunningham Co., L.P.A., Jack Morrison Jr., Thomas R. Houlihan, and Scott E. Mullaney, for appellant.

Ron O'Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, urging affirmance for amicus curiae, Franklin County Prosecuting Attorney Ron O'Brien.

_____